UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DILQUON BEST,<br><br>Defendant. | Criminal Case No. 4:23cr54 |

## ORDER

Before the Court is the Government's Motion for Revocation of Release Order (the "Motion") (ECF No. 266) and the Government's Supplemental Motion for Revocation of Release Order (ECF No. 268) (the "Supplemental Motion" and, together with the Motion, the "Motions"). The Court has considered the written submissions of both parties and finds that a hearing on this matter is not necessary.[1] For the reasons stated below, the Government's Motions are **GRANTED**.

### I.    BACKGROUND & PROCEDURAL HISTORY

On September 11, 2023, Mr. Best and 25 other individuals were charged by Superseding Indictment in the Eastern District of Virginia. Superseding Indictment, ECF No. 10. Mr. Best was charged with Count One: Continuing Criminal Enterprise,

---

[1] Indeed, neither party believes a hearing is necessary and both Mr. Best and the Government consent to the Court promptly determining the Government's Motions without a hearing. Def. Mem. at 1–2, ECF No. 337. Having considered the memoranda of both parties and the transcript of the detention hearing, the Court finds that it does not need additional evidentiary support nor oral argument. Accordingly, the Court will rule on the motion without a hearing. *See* E.D. VA. LOCAL CRIM. R. 47(J). Because a hearing is not necessary, the hearing currently scheduled for November 8, 2023 at 12:30PM is hereby **STRICKEN**.

in violation of 21 U.S.C. § 848; Count Two: Conspiracy to Distribute Narcotics, in violation of 21 U.S.C. § 846; Count Three: Conspiracy to Launder Money, in violation of 18 U.S.C. § 1956(h); Count Twenty, Possession with Intent to Distribute Marijuana, in violation of 21 U.S.C. § 841; and Count Twenty-One: Use of a Communication Device, in violation of 21 U.S.C. § 843. *Id.*

Mr. Best surrendered to authorities in the Central District of California on September 30, 2023. Mot. at 1, ECF No. 266. The United States in that district moved for detention because Mr. Best faces up to life imprisonment, with a mandatory minimum of twenty years, for controlled substances offenses, which creates a presumption in favor of detention under 18 U.S.C. § 3142(e)(3)(A). *See* id. at 1–2. On October 2, 2023, Magistrate Judge Michael R. Wilner ordered that Mr. Best be released on a $75,000 unsecured bond. *Id.* Upon hearing that Mr. Best would be released, the Government filed its first Motion (ECF No. 266). On October 3, 2023, this Court ordered that the October 2, 2023, release order entered by United States Magistrate Judge Michael R. Wilner in the Central District of California be stayed and that Mr. Best be transported to the Eastern District of Virginia for review of the Government's Motion to Revoke Release. Order, ECF No. 267. Later that day, the Government filed the Supplemental Motion (ECF No. 268), which contained more facts supporting the revocation of Mr. Best's release order and an exhibit containing Judge Wilner's bond conditions order. Mr. Best has since arrived in the Eastern District of Virginia, been appointed counsel, and been present at his initial appearance and arraignment. He filed two memoranda (ECF Nos. 334 and 337)

indicating that he does not oppose the Government's Motions. This matter is now ripe for adjudication.

## II. LEGAL STANDARD

When a district court acts on a motion to revoke or amend a magistrate judge's pretrial detention order, it reviews the findings of the magistrate judge *de novo* and "must make an independent determination of the proper pretrial detention or conditions of release." *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001) (citing *United States v. Reuben*, 974 F.2d 580, 585–86 (5th Cir. 1992)); *see also United States v. Burgess*, 2:17cr153, 2017 WL 6542939, at *1 (E.D. Va. Dec. 19, 2017). In making that independent determination, "the district court need not conduct a new pretrial detention hearing; rather the court may base its decision on the transcript of the original detention hearing and any additional evidence proffered by counsel." *United States v. Woodward*, No. 2:21cr122, 2021 WL 5985170 (E.D. Va. Dec. 16, 2021) (citing *Burgess*, 2017 WL 6542939, at *1); *see also United States v. Boyd*, 484 F. Supp. 2d 486, 487 (E.D. Va. 2007).

Where a defendant is charged with controlled substances offenses that carry a sentence of ten years or more, there is a presumption in favor of detention. 18 U.S.C. § 3142(e)(3)(A). This presumption imposes a "limited burden" of production on the defendant to come forward with evidence that he does not pose a danger to the community or a risk of flight. *United States v. Mitchell*, 1:23mj157, 2023 WL 5438156, at *2 (E.D. Va. Aug. 23, 2023) (citing with approval *United States v. Khusanov*, 731 F. App'x 19, 21 (2d Cir. 2018)). When a defendant meets that burden of production,

that "does not eliminate the presumption favoring detention." *Id*. The burden then shifts to the Government. Where risk of flight is the basis for detention, "the government must prove by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's presence at future court proceedings." *Stewart*, 19 F. App'x at 48 (internal citations omitted). When the safety of the community is the basis for detention, the government must prove dangerousness by clear and convincing evidence. 18 U.S.C. § 3142(f)(2)(B). The Government need only establish one basis for detention. In evaluating detention, the Court must consider four factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including: the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings; and whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g)(1)–(4).

### III. ANALYSIS

Based on the unrebutted proffer by the Government, the Court finds that there is probable cause to believe that Mr. Best committed the alleged offenses. As noted above, because those offenses are controlled substances crimes with a maximum

4

punishment of ten years or more in prison, a rebuttable presumption arises in favor of detention. *See* 18 U.S.C. § 3142(e)(3) ("Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed—[one of several offenses, including a controlled substance offense punishable by imprisonment for ten years or more].")

Mr. Best has advised this Court that he does not oppose the Government's Motions. Def. Mem. at 1, ECF No. 334; Def. Supp. Mem. at 1, ECF No. 337.[2] Further, he is aware of the consequences of this decision and has been advised of his rights.

---

[2] Leaving aside Mr. Best's lack of opposition, the Court also finds, based on its review of the evidence submitted by the Government and the transcript of Judge Wilner's hearing, that the §3142(g) factors support Mr. Best's detention. Specifically, the Government has met its burden under *Stewart* to show by a preponderance of the evidence that there is no combination of conditions that would ensure Mr. Best's appearance at future hearings. *See Stewart*, 19 F. App'x at 48. First, Mr. Best is charged with a battery of serious offenses related to a large-scale criminal drug trafficking enterprise for which he faces a minimum of twenty years in prison. He is accused of playing a leadership or supervisory role in this organization. Supp. Mot. at 4, ECF No. 268. He has no fixed permanent address and has stayed in Georgia, Virginia, and California. Mot. at 7, ECF No. 266. He attempted to evade detection at the time that the Superseding Indictment by abandoning the personal cellular device that the FBI was tracking. In fact, he successfully evaded law enforcement for almost a month before being convinced to turn himself in. Supp. Mem. at 3, ECF No. 268. This is not the first time that Mr. Best evaded law enforcement scrutiny, as he previously was a fugitive from Newport News, Virginia from 2014 through 2019 after being accused of First-Degree Murder, there. *Id.* at 2 – 3. His criminal history includes several charges for Failure to Appear. *Id.* at 3. The current investigation includes unindicted co-conspirators within Mr. Best's own family including his mother, a proposed custodian, and the mother of his child. *Id.* at 2. Finally, Mr. Best provided unverified and contested information to pretrial services in the Central District of California, which implicated the very person he proposed as his third-party custodian there. *Id.* at 3.

*Id*; *see also*, Trans. at 3, ECF No. 336. Thus, the presumption in favor of detention arising under 18 U.S.C. § 3142(e)(3) has not been rebutted, and this Court will order Mr. Best detained.

## IV.  CONCLUSION

For the reasons stated above, the Government's Motions (ECF Nos. 266 and 268) are **GRANTED**. The Defendant is **ORDERED** detained until trial.

Mr. Best is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded reasonable opportunities for private consultation with defense counsel. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

The Clerk is **DIRECTED** to please forward a copy of this Order to the United States Attorney, the United States Marshal, the United States Pretrial Services Office, and counsel of record for the Defendant.

**IT IS SO ORDERED.**

/s/

Arenda L. Wright Allen
United States District Judge

November 6, 2023
Norfolk, Virginia