IN UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**UNITED STATES OF AMERICA,**

v.     Criminal No.: 4:23CR54 (AWA)

**CORTEZ D. BUMPHUS,**
            **Defendant.**

### MOTION TO WITHDRAW AS COUNSEL

COMES NOW counsel for the defendant, and respectfully moves this Honorable Court for an order allowing him to withdraw from further representation of the defendant. In support of this motion, counsel states the following:

### Procedural History

The defendant is charged in a second superseding indictment with continuing criminal enterprise, conspiracy to distribute narcotics, conspiracy to commit money laundering, possession with the intent to distribute (four (4) counts), possession of a firearm by a convicted felon, possession of a firearm in furtherance of a drug trafficking crime (three (3) counts), maintaining a drug involved premises, and using a communications facility in furtherance of a drug trafficking crime. A jury trial is scheduled to commence on January 14, 2025, and last for approximately three (3) weeks.

This Honorable Court appointed undersigned counsel on August 20, 2024, after his prior counsel, who was his second appointed attorney, filed a motion to withdraw due to a breakdown in communication. On December 2, 2024, the defendant filed a motion entitled "Motion for Relief From Counsel," alleging undersigned counsel was ineffective for a variety of reasons. See

ECF No. 888. Counsel forwarded a letter to the defendant addressing all concerns raised in this filing, many of which had been addressed in person or in writing previously. By order dated December 4, 2024, this Honorable Court notified counsel of this pleading, indicating that should counsel file a motion related to this submission, the pleading should include a recitation of the factual and legal basis supporting any requested relief. See ECF No. 894.

While counsel deemed it unnecessary to file any pleading at that time, based upon recent developments, counsel now moves to withdraw.

### Factual Basis for Withdrawal

On December 12, 2024, undersigned counsel emailed the Assistant United States Attorneys prosecuting this matter, Eric Hurt and Alyson Yates, inquiring about the status of certain discovery materials related to cooperating witnesses. Mr. Hurt promptly responded, and concluded his response by requesting that undersigned counsel contact him prior to his next visit to the jail to see the defendant. Counsel responded to the email, advising he intended to travel to the Norfolk City Jail on Saturday, December 14th, and would call Mr. Hurt the following day.

On December 13, 2024, counsel spoke with Mr. Hurt at approximately 2:30 p.m. after exchanging voicemail messages. Mr. Hurt advised him that law enforcement had reviewed the defendant's jail calls and disclosed that the defendant had made certain threats toward counsel.[1] Mr. Hurt advised that the FBI and the United States Attorneys' Office find these threats to be credible threats and are concerned for counsel's safety.

Shortly after speaking with Mr. Hurt, counsel contacted the Virginia State Bar Ethics Hotline for assistance with the wording of this motion; he received a response at 4:39 p.m.

---

[1] Counsel has not heard the recordings; based upon information and belief, the Assistant United States Attorney will provide the Court with the specific things said in its response to this Motion.

## **Legal Basis for Withdrawal**

As this Honorable Court enunciated at the August 20th hearing allowing Mr. Dinkin to withdraw, the Court must consider (1) whether or not the motion filed by counsel is timely made; (2) the basis of the dissatisfaction with counsel and whether good cause exists to allow substitution of counsel, and (3) whether or not the attorney-client conflict is so great as to result in a total lack of communication, preventing adequate representation. See United States v. Mullen, 32 F.3d 891 (4th Cir. 1994). Counsel will address each concern in turn.

Trial is currently scheduled to start on January 14th, a little over one month from the date of filing. Counsel learned of the threats made on December 13th and has filed his motion on the same date. Counsel understands that should be allowed to withdraw, it is possible trial will need to be continued, given the time between filing and the scheduled trial date and the volume of discovery to review.

The defendant is dissatisfied with counsel for the reasons stated in ECF No. 888. Counsel submits that the defendant's threats constitute good cause to allow him to withdraw and which outweigh any concerns over the timeliness of the request.

Given the threats to counsel, which both the United States Attorney's Office and the FBI deem to be credible threats, counsel cannot provide effective assistance to the defendant, as he is not confident in his safety, either privately at the jail or publicly in Court. Clearly, counsel needs to be able to effectively communicate with the defendant which is not possible given the threats made by the defendant toward counsel.

Based on information and belief, the Government does not oppose this request.

**Conclusion**

In light of the foregoing, counsel respectfully requests that this Honorable Court grant his request and allow him to withdraw.

Respectfully submitted,
CORTEZ D. BUMPHUS

By  /s/
  Counsel

Gregory R. Sheldon, Esquire
BainSheldon, PLC
9030 Three Chopt Road
Suite B
Richmond, Virginia 23229
T: (804) 282-8625
F: (804) 282-8629
gsheldon@bainsheldon.com
VSB: 44538

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of December 2024, I electronically filed the foregoing Trial Brief with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

/s/
Gregory R. Sheldon, Esq.