**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> CORTEZ BUMPHUS, <br><br> Defendant. | Case No. 4:23-cr-00054 |

**DEFENDANT'S MOTION TO DISMISS COUNTS 2 & 17**
**OF THE INDICTMENT AS MULTIPLICITOUS**

COMES NOW the Defendant, Cortez Bumphus, by and through undersigned counsel, and respectfully moves this Honorable Court to dismiss Counts 2 and 17 of the Second Superseding Indictment ("SSI") (ECF No. 434) on the grounds that they are multiplicitous, and therefore violate the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. In support thereof, the Defendant states as follows.

**INTRODUCTION**

The SSI charges Mr. Bumphus in Count 1 with continuing a criminal enterprise, and Count 2 with conspiracy. ECF No. 434. Conspiracy is a lesser included offense of continuing a criminal enterprise, and as such this lesser included offense should be dismissed.

1

Further, the SSI charges Mr. Bumphus in both Count 17 and Count 19 with violations of 18 U.S.C. § 924(c)(1)(A), alleging that he possessed a firearm in furtherance of a drug trafficking crime on July 5, 2023. ECF No. 434. Both counts rely on the same alleged criminal conduct—namely, the possession of a firearm in furtherance of a drug trafficking crime of possession with intent to distribute marijuana. ECF No. 434. Because both counts charge the same offense based on the same conduct, Count 17 is multiplicitous and must be dismissed.

## LEGAL STANDARD

The Double Jeopardy Clause of the Fifth Amendment protects against a multiplicitous indictment. *See United States v. Goodine*, 400 F.3d 202, 207 (4th Cir. 2005) ("'danger of a multiplicitous indictment is that a defendant might thereby receive multiple punishments for the same crime") (cleaned up). An indictment is multiplicitous if it charges a single offense in multiple counts. *See United States v. Burns*, 990 F.2d 1426, 1438 (4th Cir. 1993) (multiplicity is "the charging of a single offense in several counts") (cleaned up). A single offense can be charged in multiple counts in different ways, including when one count is a lesser included offense of another. *See*, e.g., *United States v. Jones*, No. 5:15-CR-324-F-1, 2016 U.S. Dist. LEXIS 107514, at *5 (E.D.N.C. Aug. 15, 2016) ("The [charge] is a lesser included offense of [the other] and consequently [the charge] is multiplicitous of [the other]").

2

## ARGUMENT

### I.   Count 2 (Conspiracy)

The SSI is multiplicitous because it charges a lesser included offense in Count 2. "The Supreme Court determined in *Jeffers v. United States*, 432 U.S. 137, 155-56, 97 S. Ct. 2207, 2218-19, 53 L. Ed. 2d 168 (1977) … that a § 846 conspiracy is a lesser-included offense of a § 848 continuing criminal enterprise. Therefore, the Double Jeopardy Clause of the Fifth Amendment bars punishment under both statutes." *United States v. Devine*, 934 F.2d 1325, 1342 (5th Cir. 1991). The government has charged the same in this matter in Count 1 and Count 2. Thus, the lesser included offense in Count 2 is multiplicitous of Count 1. *See*, e.g., *Jones*, 2016 U.S. Dist. LEXIS 107514, at *5 (E.D.N.C. Aug. 15, 2016).

When an indictment is multiplicitous because it includes a lesser included offense, a trial court has the discretion to dismiss the multiplicitous count. *See United States v. Johnson*, 130 F.3d 1420, 1426 (10th Cir. 1997). "The risk of a trial court not requiring pretrial [dismissal] is that it may falsely suggest to a jury that a defendant has committed not one but several crimes. Once such a message is conveyed to the jury, the risk increases that the jury will be diverted from a careful analysis of the conduct at issue, and will reach a compromise verdict or assume the defendant is guilty on at least some of the charges." *Id.* (cleaned up). Thus, multiplicitous Count 2 should be dismissed.

3

## II.     Count 17 (Possession of a Firearm)

### A. Multiplicitous

The SSI is also multiplicitous because it directly charges a single offense in multiple counts: Count 17 and Count 19. Count 17 and Count 19 charge the exact same statutory violation, on the exact same date, for the exact same conduct. *See* ECF No. 434 at 23, 25. The only distinction between the two counts is the geographic designation, with Count 17 referencing the "Eastern District of Virginia and elsewhere," and Count 19 merely specifying "York County, in the Eastern District of Virginia and elsewhere." Because the York County identified in Count 19 is unquestionably within the Eastern District of Virginia, Count 17 already encompasses York County when it references the "Eastern District of Virginia and elsewhere." Thus, the only distinction between Count 17 and 19 is immaterial, and they are multiplicitous because they charge identical criminal conduct.

An indictment like this that divides a single criminal offense into multiple counts without any distinguishing factual elements clearly violates double jeopardy principles, and must be dismissed. *See,* e.g., *United States v. Slocum*, 106 F.4th 308, 312-13 (4th Cir. 2024). Here, both counts charge Mr. Bumphus with possession of a firearm in furtherance of the same drug trafficking crime on July 5, 2023, with no additional facts differentiating the two offenses. Because both counts charge the same statutory offense based on the same conduct, allowing both to proceed would subject Mr. Bumphus to multiple punishments for the same act, in clear violation of the Double Jeopardy Clause. *See United States v. Davis*, 854 F.3d 1276, 1286 (11th Cir.

4

2017) (multiplicitous charges improperly give the jury more than one opportunity to convict a defendant for the same offense).

### B. Vague

Regardless of the above, even if the Court determined that the SSI was not multiplicitous, Count 17 must be dismissed for the independent reason that the SSI is necessarily impermissibly vague. An indictment is impermissibly vague if it does not make clear whether the defendant's Double Jeopardy rights are violated. *See United States v. Giles*, 756 F.2d 1085, 1087 (5th Cir. 1985). Here, the SSI does not make clear whether it is violating the defendant's Double Jeopardy rights by charging the defendant in Count 17 with the precise conduct and act that it is also charging in Count 19. *See Burns*, 990 F.2d at 1438. Thus, Count 17 must be dismissed for the independent reason that the SSI is impermissibly vague.

### CONCLUSION

For the foregoing reasons, Defendant Cortez Bumphus respectfully requests that this Court dismiss Counts 2 and 17 of the indictment as multiplicitous and violative of the Double Jeopardy Clause.

Respectfully submitted, the 28th day of March, 2025.

/s/ *Blake A. Weiner*
Blake A. Weiner, VA Bar No. 94087
BLAKE WEINER LAW, PLLC
1806 Summit Avenue, Suite 300
Richmond, VA 23230
Telephone: (804) 482-1465
Email: bweiner@blakeweinerlaw.com
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 28, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Eastern District of Virginia using the Court's CM/ECF system.

Respectfully submitted, the 28th day of March, 2025.

/s/ *Blake A. Weiner*
Blake A. Weiner, VA Bar No. 94087
BLAKE WEINER LAW, PLLC
1806 Summit Avenue, Suite 300
Richmond, VA 23230
Telephone: (804) 482-1465
Email: bweiner@blakeweinerlaw.com
*Counsel for Defendant*