UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CORTEZ DAYSHAWN BUMPHUS,<br><br>Defendant. | Criminal No. 4:23cr54-01 |

## ORDER

Pending before the Court is the Motion to Dismiss Counts Two and Seventeen of the Indictment (the "Motion") (Mot., ECF No. 1090) filed by Defendant Cortez Dayshawn Bumphus ("Defendant" or "Mr. Bumphus"). For the following reasons, the Motion is **DENIED**.

### I. BACKGROUND

On July 10, 2023, Mr. Bumphus was charged in a four-count indictment by a grand jury in the Eastern District of Virginia. Indictment, ECF No. 1. A superseding indictment was filed on September 11, 2023, charging twenty-five additional defendants and charging Mr. Bumphus with four additional counts. Superseding Indictment, ECF No. 10. On April 18, 2024, a Second Superseding Indictment was filed, charging Mr. Bumphus with five additional counts, and adding eleven additional defendants. Second Superseding Indictment, ECF No. 434.

In the Second Superseding Indictment (the "SSI"), Mr. Bumphus was charged with Continuing Criminal Enterprise, in violation of 21 U.S.C. § 848 (Count One); Conspiracy to Possess with Intent to Distribute and Distribute Marijuana, Cocaine,

1

Oxycodone, Psilocybin, Promethazine, and Fentanyl, in violation of 21 U.S.C. §§ 846 and 841 (Count Two); Conspiracy to Launder Money, in violation of 18 U.S.C. § 1956(h) (Count Three); Distribute Fentanyl, Oxycodone, and Marijuana, in violation of 21 U.S.C. § 841(a)(1) (Counts Twelve, Thirteen, Fourteen, and Fifteen); Felon in Possession of Firearm, in violation of 18 U.S.C. § 922(g)(1) (Count Sixteen); Possession of Firearm in Furtherance of Drug Trafficking, in violation of 18 U.S.C. § 924(c) (Counts Seventeen, Eighteen, and Nineteen); Maintaining a Drug Involved Premises, in violation of 18 U.S.C. § 856(a)(2) (Count Twenty); and Use of a Communication Facility in Furtherance of Drug Trafficking, in violation of 21 U.S.C. § 843(b) (Count Twenty-One). On January 7, 2025, trial was set for July 8, 2025.

On March 28, 2025, Mr. Bumphus filed the present Motion to Dismiss Counts Two and Seventeen of the Indictment as Multiplicitous. Mot., ECF No. 1090. Therein, Mr. Bumphus makes two arguments. First, he notes that Count One of the SSI charges him with Continuing Criminal Enterprise, in violation of 21 U.S.C. § 848, and Count Two of the SSI charges him with Conspiracy, in violation of 21 U.S.C. §§ 846 and 841. As conspiracy is a lesser-included offense of continuing criminal enterprise, he argues that the lesser included offense (Count Two) should be dismissed. *Id.* at 1. Second, Mr. Bumphus argues that the SSI charges him in both Counts Seventeen and Nineteen with violations of 18 U.S.C. § 924(c)(1)(A), that both counts charge the same offense based on the same conduct, and that Count Seventeen is therefore multiplicitous and should be dismissed. *Id.* at 2. He also argues that "Count 17 must be dismissed for the independent reason that the SSI is necessarily

2

impermissibly vague." *Id.* at 5. On April 3, 2025, the Government filed its Response in Opposition to the Motion. Resp. Opp'n, ECF No. 1115. On April 9, 2025, Mr. Bumphus filed his reply to the Government's Response in Opposition. Reply, ECF No. 1124. The Motion (ECF No. 1090) is ripe for adjudication.

## II.  LEGAL STANDARD & ANALYSIS

### A. Count Two

The Supreme Court has held that "§ 846 is a lesser included offense of § 848, because § 848 requires proof of every fact necessary to show a violation under § 846 as well as proof of several additional elements." *Jeffers v. United States*, 432 U.S. 137, 150 (1977). However, the Fourth Circuit has clarified that although the lesser offense cannot "stand" if the Defendant is convicted of the greater offense, this does not preclude the Government from prosecuting the lesser-included offense:

> In vacating Leifreid's convictions under § 841, we stress that the holding in *Raimondo* does not preclude the government from prosecuting for the lesser included offenses in similar instances. Likewise, the district court may properly submit the question of the defendant's guilt on the lesser included offenses to a jury. However, if, as here, the defendant is convicted of the greater offense, the convictions for the lesser offense cannot stand.

*United States v. Leifried*, 732 F.2d 388, 389 (4th Cir. 1984) (citing *United States v. Raimondo*, 721 F.2d 476 (4th Cir. 1983)). However, the trial court has the discretion to require the prosecution to elect between multiplicitous counts before trial. *United States v. Johnson*, 130 F.3d 1420, 1426 (10th Cir. 1997) (finding that the district court did not abuse its discretion in denying Defendant's pretrial motion to dismiss one of the multiplicitous counts). In particular, the *Johnson* court cautioned that when a

3

trial court does not require the prosecutor to elect between multiplicitous counts before trial, this may "falsely suggest to the jury that a defendant has committed not one but several crimes." *Id.*; *see also United States v. Marquardt*, 786 F.2d 771, 778 (7th Cir. 1986) (noting that multiplicitous indictments may prejudice the jury by "creating the impression of more criminal activity" than what actually occurred).

Here, Mr. Bumphus has been charged in the SSI with Continuing Criminal Enterprise, in violation of 21 U.S.C. § 848 (Count One) and Conspiracy to Possess with Intent to Distribute and Distribute Marijuana, Cocaine, Oxycodone, Psilocybin, Promethazine, and Fentanyl, in violation of 21 U.S.C. §§ 846 and 841 (Count Two). Pursuant to *Jeffers*, § 846 is indeed a lesser included offense of § 848. *Leifreid* informs this Court that if Mr. Bumphus is convicted of both Counts One and Two at trial, the conviction for the lesser offense—Count Two—cannot and would not stand. However, *Leifreid* also explicitly states that this possibility does not prevent the Government from prosecuting the lesser-included offense.

This Court has discretion to deny pretrial motions to dismiss for multiplicitous counts pursuant to *Johnson*. Given that Defendant has been charged with thirteen counts, and that he was the first named defendant in this thirty-seven-defendant drug trafficking conspiracy, the Court is not presently concerned that not requiring the prosecution to elect between the two offenses "may falsely suggest to a jury that a defendant has committed not one but several crimes." *Johnson*, 130 F.3d at 1426. As such, the Court exercises its discretion to deny Mr. Bumphus' Motion to Dismiss Count Two of the Second Superseding Indictment.

4

### B. Count Seventeen – Multiplicity

The Double Jeopardy Clause of the Fifth Amendment of the Constitution provides that no person "shall . . . be subject for the same offense to be twice put in jeopardy of life or limb[.]" U.S. Const. amend. V. The Supreme Court has interpreted this clause to provide three distinct protections:

> (1) It protects against a second prosecution for the same offense after acquittal. (2) It protects against a second prosecution for the same offense after conviction. (3) And it protects against multiple punishments for the same offense.

*Illinois v. Vitale*, 447 U.S. 410, 415 (1980). Moreover, "where there has been no prior conviction or acquittal, the Double Jeopardy Clause does not protect against simultaneous prosecutions for the same offense, so long as no more than one punishment is eventually imposed." *United States v. Josephberg*, 459 F.3d 350, 355 (2nd Cir. 2006) (concluding that the district court's dismissal of an allegedly multiplicitous count prior to trial was premature).[1] The Court in Josephberg also concluded that because a pretrial dismissal of a multiplicitous count would be premature, they did not need to consider the question as to whether the count was indeed multiplicitous. *Id.* at 356.

Here, Defendant contends that Count 17 and Count 19 are multiplicitous. Counts 17 and 19 both charge Mr. Bumphus with Possession of a Firearm in

---

[1] "[I]t is possible that the jury will convict *Josephberg* on one count and acquit on all other allegedly multiplicitous counts. In the event that the jury returns verdicts of guilty on Count 16 and on any other count with which *Josephberg* contends Count 16 is multiplicitous, the district court may revisit the question of multiplicity . . . ." *Josephberg*, 459 F.3d at 356.

Furtherance of Drug Trafficking, in violation of 18 U.S.C. § 924(c). Count Seventeen charges that:

> On or about July 5, 2023, in the Eastern District of Virginia and elsewhere, the defendant **CORTEZ DAYSHAWN BUMPHUS a/k/a "Co,"** unlawfully and knowingly possessed a firearm, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, to wit: possession with intent to distribute marijuana, a Schedule I controlled substance. (In violation of Title 18, United States Code, Section 924(c)(1)(A)).

Second Superseding Indictment at 23, ECF No. 434. Count Nineteen charges that:

> On or about July 5, 2023, in York County, in the Eastern District of Virginia and elsewhere, the defendant **CORTEZ DAYSHAWN BUMPHUS a/k/a "Co,"** unlawfully and knowingly possessed a firearm, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, to wit: possession with intent to distribute marijuana, a Schedule I controlled substance. (In violation of Title 18, United States Code, Section 924(c)(1)(A)).

*Id.* at 25. Defendant asserts that because the only distinction between the two counts is the geographic designation, with Count 17 referencing "the Eastern District of Virginia and elsewhere," and Count 19 referencing "York County, in the Eastern District of Virginia and elsewhere" and because York County is within the Eastern District of Virginia, the Counts are multiplicitous because they charge identical criminal conduct. Mot. at 4, ECF No. 1090. The Government contends that Count 17 and Count 19 are separate crimes, referring to firearms and drugs possessed at separate locations in Goldsboro and York County. Resp. Opp'n at 4, ECF No. 1115. Here, a pretrial dismissal of these allegedly multiplicitous counts would be premature, and the Court need not determine at this stage whether the counts are multiplicitous. *Josephberg*, 459 F.3d at 356. In the event that the jury returns verdicts of guilty on any counts

6

that Defendant contends are multiplicitous, "the district court may revisit the question of multiplicity." *Id.*

### C. Count Seventeen – Vagueness

"An indictment is sufficient if it contains the elements of the offense charged, fairly informs the defendant what charge he must be prepared to meet, and enables the accused to plead acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Gordon*, 780 F.2d 1165, 1169 (5th Cir. 1986). However, "a defendant's constitutional right to know the offense with which he is charged must be distinguished from a defendant's need to know the evidentiary details establishing the facts of such offense, which can be provided through a motion for a bill of particulars." *Id.* at 1172. Therefore, "although the defendant is entitled to a plain concise statement of the essential facts constituting the offenses charged, the indictment need not provide him with the evidentiary details by which the government plans to establish his guilt." *Id.*

Here, the indictment provides Mr. Bumphus with the elements of the offenses charged and the charges that he must be prepared to meet. Defendant contends that the indictment is impermissibly vague because it does not describe the "precise conduct and act" of Count 17 and Count 19 (Mot. at 5, ECF No. 1090), but *Gordon* makes clear that the Government is not required to provide such evidentiary details within the indictment. Therefore, the indictment is neither multiplicitous nor vague as to Counts 17 and 19, and Defendant's Motion to Dismiss Count 17 is denied.

### III.   CONCLUSION

For the foregoing reasons, the Motion to Dismiss (ECF No. 1090) is **DENIED**. The Clerk is **REQUESTED** to forward a copy of this Order to defense counsel and the Assistant United States Attorney.

**IT IS SO ORDERED.**

/s/
Arenda L. Wright Allen
United States District Judge

May 12, 2025
Norfolk, Virginia