IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Newport News Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.     ) | CRIMINAL NO. 4:23CR54 |
| ) | |
| THOMAS WILSON ) | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR BOND

The United States of America by and through its attorney Erik S. Siebert, United States Attorney for the Eastern District of Virginia and Eric M. Hurt, Assistant United States Attorney submits to the Court that it opposes the defendant's Motion for Reconsideration of Detention Order.

PROCEDURAL HISTORY

On April 18, 2024, the defendant, was charged by Indictment (4:23CR54) in the Eastern District of Virginia, Newport News Division, for Count Two, Conspiracy to Distribute Narcotics, in violation of 21 U.S.C. § 846; Count Three, Conspiracy to Launder Money, in violation of 18 U.S.C. § 1956(h); Count One Hundred and Eighteen, Distribute Marijuana, Oxycodone and Fentanyl in violation of 21 U.S.C. § 841; and Count One Hundred and Nineteen, Use of a Communication Device, in violation of 21 U.S.C. § 843.

The defendant was arrested on May 8, 2024, and appeared before this Court for a detention hearing on May 12, 2024. The defendant waived his immediate detention hearing, and the Court ordered the defendant detained pending trial. The defendant pleaded guilty on November 7, 2024, to the lesser included offense of Count Two of the Second Superseding Indictment which carries a maximum penalty of 20 years in prison. His sentencing is set for August 1, 2025. The United States now responds that opposes the defendant's Motion for Bond.

**The Defendant Poses a Danger to the Community Requiring His Pretrial Detention**

The Bail Reform Act of 1984 explicitly dictates that danger to the community must be established by "clear and convincing" evidence. 18 U.S.C. § 3142.  The statute also dictates, however, that, where there is probable cause to believe that the defendant has committed a drug trafficking crime carrying a penalty of over ten years in prison, the defendant is rebuttably presumed to be a risk of danger requiring detention.

In establishing a presumption in cases such as the one *sub judice*, Congress recognizes that "the risk that a defendant will continue to engage in drug trafficking constitutes a danger to the safety of any other person or the community."  S. Rep. 98-235, 98th Cong., 1st. Sess. at 13 (hereinafter "S. Rep.").  "Persons charged with major drug felonies are often in the business of importing or distributing dangerous drugs, and thus, because of the nature of the criminal activity with which they are charged, they pose a significant risk of pretrial recidivism."  S. Rep. at 20. *Accord United States v. Williams*, 753 F.2d 329, 335 (4th Cir. 1985) (quoting S. Rep.).

Wilson's crime to which he pleaded guilty is far more serious than what is needed to merely trigger the presumption.  Under the Bail Reform Act, the defendant's charge of Conspiracy to Distribute Marijuana is more than enough to trigger the presumption of dangerousness since the charge carries a maximum of twenty years imprisonment.  *See* 21 U.S.C. § 841 (b)(1)(A). Thus, the Bail Reform Act reflects a Congressional intent of extreme reluctance to grant drug traffickers release. The Court should look upon defendant, in the same light that Congress intended: as a member of a significant drug trafficking conspiracy, who should not be released prior to sentencing.

The finding of probable cause by the grand jury on April 18, 2024, triggers the presumption for purposes of any subsequent hearing. The fact that the defendant entered into an agreement and statement of facts where he admitted to the charged conduct in Count Two further strengthens the evidence against the defendant. Accordingly, this Court must proceed to

determine if the presumption can be rebutted. *See Kaley v. United States*, 134 S.Ct. 1090, 1098 n.6 (2014) (listing numerous cases so holding); *United States v. Contreras*, 776 F.2d 51 (2d Cir. 1985); *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985).

The United States has established the defendant's involvement in a high-level drug trafficking organization utilizing significant sources of evidence, to include his own statements on recorded telephone conversations and controlled purchases of marijuana. This evidence establishes that Wilson was involved in the organization of drug related activities and was actively trafficking in marijuana as evidence by the controlled purchase of marijuana.

These activities are even more indicative of risk when combined with the defendant's criminal history. In the defendant's PSR, the probation department determined the defendant has a category V criminal history. ECF No. 1055. The defendant has prior convictions for assault and battery (0), trespassing (0), destroy private property (0), breaking and entering (0), possession of marijuana (0), assault and battery family (0), driving under revocation (0), petit larceny (2), assault and battery family (1), driving suspended (0), possession of firearm by felon and possession of marijuana with intent to distribute (3), false statement on criminal history (1), assault and battery family member (1), assault and battery family member (1), possession with intent to distribute marijuana (0), littering (1), reckless driving (0), failure to appear (0), eluding police (2) and reckless driving (0). One additional point was added because the defendant was under a criminal justice sentence at the time of the current offense. As a criminal history category V defendant, with an adjusted offense level of 15, the defendant's sentencing guidelines range is 36-47 months on Count 2.

This elevated criminal history, and the numerous convictions indicate an individual who is a danger to the community.

**Wilson is a Risk of Flight Requiring Detention**

Release is to be denied in those cases where the district court finds the defendant poses an unreasonable risk of flight. The Government must prove that the defendant is an unreasonable risk of flight by a preponderance of the evidence. *United States v. Stewart*, 19 Fed.Appx. 46, 48 (4th Cir. 2001); *United States v. Chimurenga*, 760 F.2d 400 (2d Cir. 1985); *United States v. Fortna*, 769 F.2d 243 (5th Cir. 1985). In this case the defendant admitted that a drug trafficking crime carrying more than ten (10) years imprisonment has been committed, the defendant is rebuttably presumed to be an unreasonable risk of flight. Title 18, United States Code, Section 3142(f). In establishing a rebuttable presumption of flight in cases such as the one *sub judice*, Congress recognized that:

> [F]light to avoid prosecution is particularly high among persons charged with major drug offenses. Because of the extreme lucrative nature of drug trafficking, and the fact that drug traffickers often have established substantial ties outside the United States from whence most dangerous drugs are imported into the country, these persons have both the resources and foreign contacts to escape to other countries with relative ease in order to avoid prosecution for offenses punishable by lengthy prison sentences. Even the prospect of forfeiture of bond in the hundreds of thousands of dollars has proven to be ineffective in assuring the appearance of major drug traffickers.

S. Rep. at 20 (footnote omitted).

As noted *supra*, the fact that probable cause has been found by the grand jury is enough to trigger the presumption. This presumption is further strengthened by the defendant's guilty plea to the lesser offense of Count Two. In addition to the presumption, the defendant faces a term of imprisonment of up to twenty years on the Conspiracy charge in this case, which is non-parolable. The calculated guidelines in this case are 37-46 months. Faced with such serious exposure, and given the defendant's age, he has incentive to flee.

## CONCLUSION

The defendant poses a risk of danger to the community and a risk of flight which should preclude him being granted bail. Congress has recognized that in a case such as this one, "a strong probability arises that no form of conditional release will be adequate." S. Rep. at 19. The nature of the charges is aggravated by the great strength of the government's case, the defendant's admission of guilt, the scope of the defendant's drug dealing and the fact that the defendant faces a prison sentence without parole. For these and other reasons the defendant's release should be denied.

        Respectfully submitted,

        ERIK S. SEIBERT
        UNITED STATES ATTORNEY

By:   /s/
        Eric M. Hurt
        Assistant United States Attorney
        Virginia State Bar No.35765
        Attorney for the United States
        United States Attorney's Office
        City Center One, Suite 200
        11815 Fountain Way
        Newport News, Virginia 23606
        (757) 591-4000 Office
        (757) 591-0866 Fax
        eric.hurt@usdoj.gov

Certificate of Service

      I certify that on May 12, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record:

          By:   _____/s/_____
                Eric M. Hurt
                Assistant United States Attorney
                Virginia State Bar No.35765
                Attorney for the United States
                United States Attorney's Office
                City Center One, Suite 200
                11815 Fountain Way
                Newport News, Virginia 23606
                (757) 591-4000 Office
                (757) 591-0866 Fax
                eric.hurt@usdoj.gov