UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No. 4:23cr54 |
| | ) |
| Trevell Davis, Jr. | ) |
| | ) |
| Defendant. | ) |

**POSITION OF DEFENDANT WITH RESPECT TO SENTENCING FACTORS**

COMES NOW the Defendant, Trevell Davis, Jr., by counsel, pursuant to Section 6A 1.2 of the Sentencing Guidelines and Policy Statements, and this Court's Sentencing Order, and submits his position with respect to the sentencing factors.

Trevell Davis, Jr., comes before this Court for sentencing after entering a plea of guilty before the Honorable Douglas E. Miller, United States Magistrate Judge on December 23, 2024, pursuant to the written plea agreement, to Counts twenty-eight, (28), Possess with intent to distribute oxycodone in violation of 21 U.S.C. § 841 (a)(1) and (b)(1)(C) and Count thirty-one (31), Possession of a Firearm in the Furtherance of Drug Trafficking, in violation of 18 U.S.C. § 924(c)(1)(A). The maximum penalties for the lesser-included offense of Count twenty-eight (28) are a maximum of twenty (20) years imprisonment, a fine up to $1,000,000, forfeiture of assets, a special assessment of $100.00 and at least three (3) years supervised release. The maximum penalties for Count thirty-one (31) are a mandatory minimum of five (5) years imprisonment to run consecutive to any other sentence, a maximum of life imprisonment, a fine of up to $250,000, a special assessment of $100.00 and five years of supervised release.

After the plea was accepted, the sentencing hearing was scheduled for Friday, May 30, 2025 at 11:00 a.m. in Norfolk Division before the Honorable Arenda L. Wright Allen, United States District Judge.

On January 8, 2025, the Honorable Arenda L. Wright Allen, United States District Judge entered an order accepting plea of guilty.

Trevell Davis, Jr. current advisory guideline range as to count twenty-eight (28) is 24 to 30 months plus and additional sixty (60) months consecutive on count thirty-one (31) and requests this Court consider a variance and impose a sentence on count twenty-eight (28) of twelve (12) months, followed by a term of 3 years of supervised release.

A sentence of 12-months on count twenty-eight (28) also complies with the mandate to impose a sentence "sufficient, but not greater than necessary" to achieve the purposes of sentencing as set forth in 18 U.S.C. § 3553(a)(2) when you take into consideration that an additional consecutive sentence on Count thirty-one (31) of 60 months, leaving a total sentence of 72 months combined if the court permits a slight variance as to count twenty-eight (28).

## THE STATUTORY SENTENCING FACTORS DEMONSTRATE THAT 12 MONTHS OF INCARCERATION ON COUNT 28 AND 60 MONTHS ON COUNT 31 WOULD BE A JUST AND APPROPRIATE SENTENCE

In imposing a sentence, the Court's obligation is to consider all of the factors identified in 18 U.S.C. § 3553(a)(2), and to "impose a sentence sufficient, but not greater than necessary." 18 U.S.C. § 3553(a), to comply with the purposes of sentencing set forth in the statues. In determining Trevell Davis, Jr sentence, the Court is to consider: (1) the nature and circumstances of the offense and the history and characteristics of Trevell Davis, Jr. ; (2) the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law,

and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of Trevell Davis, Jr. ; and (D) to provide Trevell Davis, Jr. with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) to kinds of sentences available; (4) the kinds of sentences and the sentencing range established for offense for which defendant has entered a plea of guilty ; (5) any pertinent policy issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution of any victims of the offense. 18 U.S.C. § 3553. As the Court well knows, the Court shall impose a sentence sufficient, but not greater than necessary, to comply with the above factors.

As many courts have long acknowledged, if defendants don't believe that entering a plea bargain will help them to get a lesser sentence, the motivation for plea agreements will largely disappear. *United States v. Stanley*, 928 F.2d 575, 582 (2d. Cir. 1991) ("We believe that if plea bargains could not alter sentences, most defendants would have little interest in bargaining.").

While a United States District Court Judge remains the ultimate power to determine the sentence, decisions to disregard the government's recommendation, and ultimately to discount the government's assessment of the evidence, would inevitably erode confidence in the plea bargain process, thereby discouraging defendants from engaging in the process in the first place. This would be harmful to defendants, who would be unable to place reasonable reliance on the terms of a plea agreement or in their ability to negotiate fair resolutions with the prosecution; prosecutors, whose credibility would indirectly be damaged if defendants, attorneys and the public cannot have faith that such recommendations would be adopted; and the justice system as

a whole, since cases that should properly be resolved through negotiated pleas would instead follow the unforgiving all-or-nothing route of a trial.

Although the advisory guideline range on Count twenty-eight (28) of 24-30 months was properly calculated due to the small quantity of drugs attributable to Mr. Davis and his low criminal history category of I, we can't just look at this one charge in examining the 18 U.S.C. § 3553 factors and must look at the totality of the sentence when coupled with a mandatory minimum of 60 months consecutive on Count thirty-one (31), this on top of whatever sentence the court imposes on Count twenty-eight (28). Mr. Davis prior juvenile adjudications list none. As to his limited adult record of convictions and low criminal history, he has one for possession of marijuana and was granted first offender status which was ultimately dismissed on 2-21-18, a failure to appear on 6-20-18, possess with intent to distribute marijuana on 1-3-24, possess oxycodone on 1-3-24 and possession of a firearm while in possession of oxycodone, also on 1-3-24 which I would argue provides a sufficient basis for the Court to authorize a variance of Mr. Davis sentence on Count twenty-eight (28) to twelve (12) months from the 24-30 months as properly calculated by the probation department. It also appears from page 21 of the report that Mr. Davis has been using marijuana since age 17 and later oxycodone and could benefit from substance abuse counseling in the RDAP program while in custody, which he would request that the court incorporate in its sentencing order.

Further, I believe a variant sentence of 12 months of incarceration on count twenty-eight (28) coupled with 60 months on count thirty-one (31) or a total of seventy-two (72) months satisfies and is consistent with the application of the 18 U.S.C. § 3553(a) factors, providing for a sentence that is sufficient, but not greater than necessary especially when you couple three years of supervised release Mr. Davis will have to comply with after release from custody.

## **RECOMMENDATION ON FCI**

Travell Davis, Jr., respectfully requests that the court include in its judgment order, a recommendation of the Bureau of Prisons (hereinafter B.O.P.) that he be placed at a facility as close to Virginia as possible so he will be able to have contact with his family.

At the time of sentencing, Travell Davis, Jr. may make an unsworn statement as an additional argument in mitigation and in support of the sentencing factors and variance from guidelines calculated by the Probation.

## **SUBSTANCE ABUSE COUNSELING**

Travell Davis, Jr., respectfully requests that the court include in its judgment order, a recommendation he enroll in substance abuse counseling while in custody, otherwise known as RDAP program.

## **CONCLUSION**

For all the foregoing reasons, Travell Davis, Jr. respectfully requests that the Court order a variance on count twenty (28) from guideline calculations from 24-20 month and impose a sentence of twelve (12) months and the mandatory minimum of sixty (60) months consecutive on count thirty-one (31) for a total of seventy-two (72) months followed by a reasonable term of supervised release. Travell Davis, Jr. also requests that the Court include in its judgment, a recommendation to the Bureau of Prisons, that he be placed in a Federal Correctional Institution as close to Virginia as possible to allow visits from his family and to order substance abuse counseling through the RDAP program.

5

Respectfully submitted,

TRAVELL DAVIS, JR.

By _____/s/_____
Kevin M. Diamonstein, Esquire
VSB No. 31498
Attorney for Travell Davis, Jr.
Attorney & Counselor at Law
700 Tech Center Pkwy, Suite 200-11
Newport News, Virginia 23606-3075
(757) 223-4484 Telephone
(757) 534-9272 Facsimile
kdiamonsteinlaw@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of May, 2025, I have electronically filed the foregoing pleading with the Clerk of the Court using CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Eric M. Hurt, Esquire
Assistant United States Attorney
Unites States Attorney's Office
11815 Fountain Way, Suite 200
Newport News, Virginia 23606
(757) 591-4000 Telephone
(757) 591-0866 Facsimile
eric.hurt@usdoj.gov

I FURTHER CERTIFIY that a true and correct copy of the foregoing pleading will be served by mail on the following non-filers:

Joshua A. Coleman                and        Travell Davis, Jr.
United States Probation Officer             c/o WTRJ
United States Probation Office              2402 Godwin Blvd.
600 Granby St.                              Suffolk, Va. 23434-8091
Suite 200
Norfolk, Virginia 23510


By _____/s/_____
Kevin M. Diamonstein, Esquire
VSB No. 31498
Attorney for Travell Davis, Jr.
Attorney & Counselor at Law
700 Tech Center Pkwy, Suite 200-11
Newport News, Virginia 23606-3075
(757) 223-4484 Telephone
(757) 534-9272 Facsimile
kdiamonsteinlaw@gmail.com