IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

NEWPORT NEWS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 4:23cr54 |
| | ) | |
| DOMINIQUE OSBORNE, | ) | |
| | ) | |
| Defendant. | ) | |

SENTENCING POSITION OF THE UNITED STATES

The United States by and through counsel, Assistant United States Attorney Eric M. Hurt, files this Position on Sentencing. For the reasons set forth *infra*, the United States requests a sentence of 24 months imprisonment.

**Statutory Considerations**

The defendant pleaded guilty on December 2, 2024, to the lesser offense of Count 2 of the Indictment, Conspiracy to Possess with Intent to Distribute and Distribution of Marijuana, which carries a maximum penalty of five years imprisonment, a fine of $1,000,000 and at least two years supervised release. The court may sentence the defendant to any term of imprisonment up to 60 months.

**Impact of the Plea Agreement**

The defendant entered a plea of guilty to the lesser offense of Count Two of the Indictment pursuant to a plea agreement. There are no provisions in the agreement which impact the Court's sentencing options.

**Sentencing Guidelines Calculation**

1

The United States Probation Department prepared a Presentence Report (PSR) which detailed the offense of conviction and the characteristics of the defendant. In calculating the offense level for the defendant, the probation office assigned a base offense level of 18 under U.S.S.G. § 2D1.1 based upon a drug weight of at least 40 kilograms but less than 60 kilograms of marijuana. Two points were added for maintaining a drug involved premises pursuant to U.S.S.G. § 2D1.1(b)(12). Three points were subtracted for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). Thus, the defendant's total offense level is 17.

The probation officer also calculated a criminal history level for the defendant. The defendant has prior convictions for: petit larceny (1), and no operator's license (0). She therefore has one criminal history point and a criminal history category of I.

As a criminal history category I defendant, with an adjusted offense level of 17, the defendant's sentencing guidelines range is 24-30 months on Count 2.

**Standards Governing Sentencing**

In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court made clear that sentencing courts should consult [the Sentencing] Guidelines and take them into account when sentencing." 543 U.S. at 264. The Supreme Court provided this direction to promote the sentencing goals of Congress, namely to "provide certainty and fairness in meeting the purposes of sentencing, [while] avoiding unwarranted sentencing disparities." *Booker*, 543 U.S. at 264 (quoting 28 U.S.C. § 991(b) (1) (B)). In its decision in *Molina-Martinez v. United States*, the Court emphasized the role the Guidelines play in achieving "[u]niformity and proportionality in sentencing," and noted that "the Guidelines are not only the starting point for most federal sentencing proceedings but

also the lodestar." 136 S. Ct. 1338, 1346 (2016). The Fourth Circuit has provided the following guidance in the wake of *Booker*:

> A district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines. Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence.

*United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005). Thus, sentencing courts must consider the factors outlined in 18 U.S.C. § 3553(a), including the need for the sentence "to reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense; [and] to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A) and (B).

"[I]n imposing a sentence after *Booker*, the district court must engage in a multi-step process. First, the court must correctly determine, after making appropriate findings of fact, the applicable guideline range." *United States v. Moreland*, 437 F.3d 424, 432 (4th Cir. 2006). "Next, the court must 'determine whether a sentence within that range serves the factors set forth in § 3553(a) and, if not, select a sentence [within statutory limits] that does serve those factors.'" *Id.* (quoting *United States v. Green*, 436 F.3d 449, 455 (4th Cir. 2006)). In making this determination,

> a sentencing court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant" and the need "to reflect the seriousness of the offense," provide "just punishment," "afford adequate deterrence," "protect the public," and "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

*United States v. Hampton*, 441 F.3d 284, 287 (4th Cir. 2006) (quoting 18 U.S.C. § 3553(a)).

**Statutory Sentencing Factors under 18 U.S.C. § 3553(a)**

As outlined *supra*, the sentencing range under the guidelines is 24-30 months. The United States will now address the statutory factors that support its request for a sentence of 24 months.

A. Nature of the Offense

The defendant was primarily a courier for a large marijuana trafficking organization but had a greater responsibility and knowledge of the organization than a basic courier due to her relationship with Damien Gay. This conduct is set out in greater detail in PSR ¶¶ 41-45.

B. History and Characteristics of the Defendant

The defendant is a 25-year-old female native of Hampton who was raised primarily by her mother. She has three siblings, is not married, and has one surviving child. The defendant's current medical condition is marked by epilepsy and high blood pressure. She reports that she has been diagnosed with bipolar disorder, has engaged in self-harm and has no outlet for her emotions. The defendant began using marijuana at age 15 and used it daily until her arrest. She graduated from high school and attended some college. The defendant has maintained consistent employment in the culinary field leaving her with a negative net worth of $15,097.00 and a monthly net income of $2,000.

C. Need for Just Punishment

The defendant was part of a significant drug trafficking organization. She was the paramour of one of the lieutenants in this organization and had a far greater knowledge than the average "courier". A sentence of 24 months incarceration is supported for this defendant who knew the scope and depth of the organization she was supporting.

D. Deterrence

The two types of deterrence at issue are general and specific. On the issue of general deterrence, the public must have confidence that the activities of the defendant and those who stood to gain from his actions are deterred from future crimes. The public should look at the actions of the defendant; a courier who was transporting bulk marijuana on commercial airlines and know that her actions are taken seriously. Others must know that such acts do not go unpunished.

As for specific deterrence, this defendant pleaded guilty. This is a positive first step towards individual deterrence. However, the defendant was recorded on a video jail call indicating her support for Cortez Bumphus, shortly after the sentencing of Damien Gay in November 2024. The United States can call a witness to describe this event if necessary.

E. Need to Protect Society

The defendant appears to pose some risk to society. Transporting bulk marijuana on a commercial aircraft is a dangerous activity While the defendant did not engage in violence or use a firearm, she knew the scope of the criminal activity she was engaged in with this conspiracy. Given these factors, the need for societal protection is not negligible and calls for a term of incarceration.

F. Avoiding Sentencing Disparities

The United States does not believe disparity is implicated if the court follows the United States sentencing recommendation. While the sentence requested involves incarceration, the defendant's knowledge of the size and nature of the conspiracy distinguishes her from other couriers.

**Conclusion**

The defendant was engaged in the transportation of marijuana for a large organization. Given her role and knowledge, the United States believes a sentence of 24 months confinement is warranted and appropriate.

Respectfully submitted,

ERIK S. SIEBERT
UNITED STATES ATTORNEY

By:     /s/
Eric M. Hurt
Assistant United States Attorney
Virginia State Bar No.35765
Attorney for the United States
United States Attorney's Office
City Center One, Suite 200
11815 Fountain Way
Newport News, Virginia 23606
(757) 591-4000 Office
(757) 591-0866 Fax
eric.hurt@usdoj.gov

Certificate of Service

      I certify that on June 11, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification to all counsel of record.

By:    /s/
      Eric M. Hurt
      Assistant United States Attorney
      Virginia State Bar No.35765
      Attorney for the United States
      United States Attorney's Office
      City Center One, Suite 200
      11815 Fountain Way
      Newport News, Virginia 23606
      (757) 591-4000 Office
      (757) 591-0866 Fax
      eric.hurt@usdoj.gov