IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| V.                              ) | Case No. 4:23-CR-54-AWA-DEM-05 |
| ) | |
| **DILQUON BEST**,               ) | |
| ) | |
| Defendant.                      ) | |

**DEFENDANT'S MOTION IN LIMINE AND MOTION TO SUPPRESS**

Pursuant to Rules 12 and 47 of the Federal Rules of Criminal Procedure and Local Criminal Rules 12 and 47 of the Local Rules of the Eastern District of Virginia, the defendant, Dilquon Best ("Best"), by counsel, moves this Court to suppress any statements he made to Zuri Reeves ("Reeves") while both were incarcerated at Western Tidewater Regional Jail. These statements were obtained in violation of Mr. Best's Sixth Amendment right to counsel and must be excluded. In support of this motion, Mr. Best states the following:

### I. FACTUAL BACKGROUND

Both Best and Reeves were indicted and awaiting trial on charges related to the distribution of marijuana when Best was housed with Zuri Reeves at the Western Tidewater Regional Jail. In September of 2023, prior to their contact, Mr. Reeves had agreed to cooperate with the government and had been formally debriefed by law enforcement agents. Thereafter, Best was placed in the same open dorm with Reeves. During their shared incarceration, Mr. Best made incriminating statements to Mr. Reeves, which Mr. Reeves subsequently relayed to the government.

1

More specifically, in a subsequent debrief, the agents question Reeves about Best's money. Reeves states that someone is holding Best's money. He then states that a girl got some of it, a dude got some of it, and then Best's aunt's son has some of it. These conversations all post-dated Reeves' initial cooperation with the government and therefore should be excluded from trial.

## II. LEGAL STANDARD

The Sixth Amendment guarantees the right to counsel once adversarial proceedings have commenced. See *Maine v. Moulton*, 474 U.S. 159, 170 (1985) ("the right attaches at earlier, 'critical' stages in the criminal justice process 'where the results might well settle the accused's fate and reduce the trial itself to a mere formality.'" (quoting *United States v. Wade,* 388 U.S. 218, 224, (1967))).

In *United States v. Henry*, 447 U.S. 264 (1980), the Supreme Court held that the government violated the defendant's Sixth Amendment rights by deliberately eliciting statements through a jailhouse informant. There, a paid informant, housed near the defendant, was instructed to be alert to any statements but not to initiate conversation. Nonetheless, the Court found a Sixth Amendment violation because the government had "intentionally created a situation likely to induce [the defendant] to make incriminating statements without the assistance of counsel." *Id.* at 274.

Similarly, in *Kuhlmann v. Wilson*, 477 U.S. 436 (1986), the Court clarified that no violation occurs where an informant is merely a passive listener. However, the Sixth Amendment is violated when the informant acts to "deliberately elicit" information from the defendant, such as by initiating or encouraging conversation about the charged

2

offense. *See id.* at 459.  Moreover, in discussing *Maine v. Moulton,* 474 U.S. 159 (1985), the Supreme Court noted that

> because of the relationship between the defendant and the informant, the informant's engaging the defendant "in active conversation about their upcoming trial was certain to elicit" incriminating statements from the defendant. *Maine v. Moulton*, 474 U.S. at 177, n. 13. Thus, the informant's participation "in this conversation was 'the functional equivalent of interrogation.'" *Ibid.* (quoting *United States v. Henry*, 447 U.S. at 277 (POWELL, J., concurring)).

*Kuhlmann*, 477 U.S. at 458-459.

In *United States v. Love*, 134 F.3d 595, 604 (4th Cir. 1998), the Fourth Circuit reiterated this distinction, emphasizing that the government must not use informants to deliberately elicit incriminating statements once the Sixth Amendment right has attached.

### III. ARGUMENT

The facts here align with those in *Henry*, not *Kuhlmann*. Mr. Reeves had already agreed to cooperate with the government and had been debriefed before Mr. Best made the incriminating statements. At the time of their conversations, Mr. Best had been indicted, and his Sixth Amendment right to counsel had attached. Unlike in *Kuhlmann*, Reeves was not a passive listener. He was acting in coordination with the government and had every incentive — and possibly encouragement — to elicit statements from Mr. Best.

Whether Mr. Reeves was explicitly instructed to initiate conversations or simply "placed" near Mr. Best after his agreement to cooperate and debriefing, the totality of the circumstances establishes that the government "intentionally created a situation likely to induce" Mr. Best to speak without the protection of counsel, which is exactly the

3

type of government conduct condemned in *Henry*. Mr. Best did not knowingly waive his right to counsel during these conversations, and any statements obtained under these conditions must be suppressed.

## IV. CONCLUSION

WHEREFORE, for the foregoing reasons, Defendant Dilquon Best respectfully requests that this Court suppress all statements Best made to Zuri Reeves while they were housed together at the Western Tidewater Regional Jail, as those statements were obtained in violation of his Sixth Amendment right to counsel.

Respectfully submitted,

**DILQUON BEST**

By: _____/s/_____
Christian L. Connell
Bar No. 35009
Attorney for Defendant Dilquon Best
CHRISTIAN L. CONNELL, P.C.
555 East Main Street, Suite 1102
Norfolk, Virginia 23510
757.533.6500
757.299.4770 (fax)
Email: christian.connell@outlook.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2025, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send an electronic notification (NEF) of such filing to all counsel of record.

By: _____/s/_____
Christian L. Connell
Bar No. 35009
Attorney for Defendant Dilquon Best
CHRISTIAN L. CONNELL, P.C.
555 East Main Street, Suite 1102

Norfolk, Virginia 23510
757.533.6500
757.299.4770 (fax)
Email: <christian.connell@outlook.com>