# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
## NORFOLK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    v.<br><br>CORTEZ BUMPHUS,<br><br>            Defendant. | Case No. 4:23-cr-00054 |

## DEFENDANT CORTEZ BUMPHUS' TRIAL BRIEF

Now comes the defendant, Mr. Cortez Bumphus, by counsel, and submits his trial brief to address (1) the charges in the indictment, (2) the law governing the case, (3) anticipated trial evidence, (4) the anticipated length of testimony of defense witnesses, (5) the evidentiary basis for exhibits and testimony, and (6) anticipated evidentiary or legal issues in dispute.

### The Charges Against Mr. Bumphus in the Indictment

The Defendant is charged in the second superseding indictment with the following thirteen counts: Continuing a Criminal Enterprise in violation of 21 U.S.C. 848 (Count 1); Conspiracy to Distribute a Controlled Substance, in violation of 21 U.S.C. 846 (Count 2); Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. 1956 (Count 3); Possession with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. 841 (Counts 12 through 15); Unlawful Possession of a Firearm (Felon, and Drug Crime), in violation of 18 U.S.C. 922, 924

(Count 16 through Count 19); Unlawful Use of Building for Drug Distribution, in violation of 21 U.S.C. 856 (Count 20); Unlawful Use of Telephone in Furtherance of Felony, in violation of 21 U.S.C. 843 (Count 21).

## The Law Governing the Case

The essential elements of Count 1 are as follows: (1) the defendant committed a felony violation of 21 U.S.C. Chapter 13; (2) that felony must be a part of a continuing series of violations of 21 U.S.C. Chapter 13; (3) those violations must be undertaken with five or more persons; (4) the defendant must act in a position of management with respect to those five persons; and (5) the defendant must obtain substantial income or resources from the continuing series of violations. *See*, e.g., *United States v. Aiello*, 864 F.2d 257, 263-64 (2d Cir. 1988). A continuing series of violations has been held to require proof of three or more related violation. *United States v. Young,* 745 F.2d 733, 747 (2d Cir. 1984), *cert. denied,* 407 U.S. 1084 (1985). Unanimity in respect to each individual violation is necessary. *Richardson v. United States*, 526 U.S. 813, 816, 119 S. Ct. 1707, 1709 (1999). Further, it is necessary to prove an agreement between the defendant and each of the five or more other persons identical to the kind of agreement necessary to establish a conspiracy. *Jeffers v. United States,* 432 U.S. 137 (1977). There may also be a "unanimity requirement in respect to" this element as well. *See Richardson v. United States*, 526 U.S. 813, 824, 119 S. Ct. 1707, 1713 (1999) (Assuming, *without deciding*, that there is no unanimity requirement in respect to these other

provisions, we nonetheless find them significantly different from the provision before us.")

The essential elements of Count 2 are as follows: (1) there was an agreement between two or more persons to engage in conduct that violates a federal drug law, (2) the defendant knew of this conspiracy; and (3) the defendant's knowing and voluntary participation in the conspiracy. *United States v. Strickland*, 245 F.3d 368, 384-85 (4th Cir. 2001); *United States v. Burgos*, 94 F.3d 849, 857 (4th Cir. 1996) (en banc).

The essential elements of Count 3 are as follows: (1) an agreement between two or more persons to commit one or more of the substantive money laundering offenses proscribed under 18 U.S.C § 1956(a) or § 1957; (2) defendant knew that the money laundering proceeds had been derived from an illegal activity; and (3) the defendant knowingly and voluntarily became part of the conspiracy. *United States v. Ravenell*, 66 F.4th 472, 486 (4th Cir. 2023).

The essential elements of Counts 12 through 15 are as follows: (1) the defendant knowingly or intentionally, (2) manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, (3) a controlled substance. *United States v. Colston*, 4 F.4th 1179, 1187 (11th Cir. 2021).

The essential elements of Count 16 are as follows: (1) the defendant had been convicted in some court of a crime punishable by a term of imprisonment exceeding one year; (2) he thereafter voluntarily and intentionally possessed a firearm; (3) the

3

firearm had been shipped or transported in interstate or foreign commerce at some point during its existence. *United States v. Scott*, 424 F.3d 431, 435 (4th Cir. 2005).

The essential elements of Counts 17 through 19 are as follows: (1) that the defendant used, carried and brandished a firearm; and (2) that the defendant did so during and in relation to a drug trafficking crime.

The essential elements of Count 20 are as follows: the defendant (1) knowingly; (2) opened, leased, rented, used, or maintained any place, permanently or temporarily; (3) for the purpose of manufacturing, distributing, or using any controlled substance. *United States v. Hicks*, 64 F.4th 546, 551 (4th Cir. 2023). The government must prove it was a primary or principal reason, and the defendant must have the distribution of drugs as a specific purpose for the residence, which is more than a mere collateral purpose. *See United States v. Soto-Silva*, 129 F.3d 340, 346 n.4 (5th Cir. 1997); *United States v. Verners*, 53 F.3d 291, 295 (10th Cir. 1995); *United States v. Roberts*, 913 F.2d 211, 220 (5th Cir. 1990).

The essential elements of Count 21 are as follows: the defendant (1) knowingly or intentionally, (2) used a communication facility, (3) to facilitate the commission of a drug felony. *United States v. McKenzie*, 396 F. App'x 949, 951 (4th Cir. 2010) (quoting *United States v. Henao-Melo*, 591 F.3d 798, 802 n.5 (5th Cir. 2009)).

## Anticipated Trial Evidence

The Government will rely on evidence from Title III wire taps, electronic and in-person surveillance, photographs, and the testimony of cooperating witnesses.

At present, the defense does not anticipate calling any witnesses but reserves the right to call any of the Government's identified witnesses as potential rebuttal witnesses, for the purpose of impeachment and only should the need arise.

## Anticipated Length of Testimony of Witnesses

Because Mr. Bumphus is reserving his right to call Government witnesses for the purposes of impeachment in the event of prior inconsistent statements, and only as needed, it is difficult to state with certainty the anticipated length of his testimony. Should Mr. Bumphus call witnesses, he does not anticipate he will need more than 4 hours.

## Evidentiary Basis for Exhibits and Testimony

Mr. Bumphus will be presenting various exhibits and eliciting various testimony relevant for impeachment such as prior inconsistent statements. Further Mr. Bumphus will be presenting exhibits and testimony to directly attack the government's theory of the case and burden of proof.

## Anticipated Evidentiary or Legal Issues in Dispute

Mr. Bumphus is not able to identify any significant potential evidentiary issues beyond those that might otherwise arise during the normal course of a trial. Mr. Bumphus will be prepared to address these issues should the need arise.

Mr. Bumphus did identify as a potential issue the reason for his incarceration during a significant portion of the alleged conspiracy, from approximately October 16, 2020, until October 27, 2022. Mr. Bumphus and the Government have discussed this issue in person and the parties have agreed that the charges for which he was incarcerated will not be mentioned by any witness, and the jury may be advised that the charges for which Mr. Bumphus was incarcerated were dismissed after a jury trial. The defense anticipates requesting an instruction from the Court regarding the incarceration and that the jury cannot infer guilty from the fact that he was previously incarcerated. The Government will not oppose such request.

Respectfully submitted, the 24th day of June, 2025.

*/s/ Blake A. Weiner*
 Blake A. Weiner, VA Bar No. 94087
BLAKE WEINER LAW, PLLC
1806 Summit Avenue, Suite 300
Richmond, VA 23230
Telephone: (804) 482-1465
Email: bweiner@blakeweinerlaw.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Eastern District of Virginia using the Court's CM/ECF system.

Respectfully submitted, the 24th day of June, 2025.

*/s/ Blake A. Weiner*
 Blake A. Weiner, VA Bar No. 94087
BLAKE WEINER LAW, PLLC
1806 Summit Avenue, Suite 300
Richmond, VA 23230
Telephone: (804) 482-1465
Email: bweiner@blakeweinerlaw.com
*Counsel for Defendant*