# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA
**Norfolk Division**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Criminal No.: <u>4:23cr54</u> |
| | ) | |
| **EARVIN JEROME MOORE**, | ) | |
| Defendant | ) | |

## <u>TRIAL BRIEF OF DEFENDANT EARVIN JEROME MOORE</u>

Now Comes the Defendant, EARVIN JEROME MOORE, by and through counsel, and submits his Trial Brief. In his Brief, Mr. Moore will address (1) the charges against him in the Second Superseding Indictment, (2) the law governing the case, (3) anticipated trial evidence, (4) the anticipated length of testimony of defense witnesses, (5) the evidentiary basis for exhibits and testimony, and (6) anticipated evidentiary or legal issues in dispute.

## 1. Charges in the Indictment

The charges against Mr. Moore include the following:

- **<u>Count 2: Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances</u>**:
    - The Government alleges that between 2017 and 2024, Mr. Moore and others unlawfully, knowingly, and intentionally combined, conspired, confederated, and agreed to distribute and possess with intent to distribute controlled substances, specifically
        - 1000 kilograms or more of marijuana (Schedule I controlled substance).
        - 400 grams or more of fentanyl (Schedule II controlled substance).

- 500 grams or more of cocaine (Schedule II controlled substance).

- oxycodone (Schedule II controlled substance).

- psilocybin (Schedule I controlled substance).

- promethazine (Schedule V controlled substance).

in violation of 21 U.S.C. 846

- **Count 3: Conspiracy to Commit Money Laundering:**
    - The Government alleges that beginning in or about 2017 through 2024, Mr. Moore and others unlawfully, knowingly, and willfully combined, conspired, confederated, and agreed to conduct, attempt to conduct, and cause to be conducted financial transactions affecting interstate commerce knowingly, willfully, and unlawfully.
    - The Government further alleges that these transactions involved the proceeds of specified unlawful activity, namely, conspiracy to distribute narcotics, with the intent to conceal and disguise the nature, location, source, ownership, and control of the proceeds.
    - The Government further alleges that Mr. Moore knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity in violation of 18 U.S.C. 1956(h).

- **Counts 58 and 59: Possession with Intent to Distribute Marijuana:**
    - The Government alleges that on the dates of June 14, 2022 and September 14, 2023, in Newport News, Virginia, Mr. Moore unlawfully, knowingly, and intentionally possessed with intent to distribute a substance containing a detectable amount of marijuana, in violation of 21 U.S.C. 841(a)(1).

- **Count 60: Managing a Drug-Involved Premises:**
    - The Government alleges that between 2022 and 2023, Mr. Moore unlawfully and knowingly managed and controlled real property and improvements located at Extra Space Storage, as a renter and occupant. It is alleged that he knowingly and intentionally made available for use said place for the purpose of unlawfully manufacturing, storing, distributing, and using a controlled substance in violation of 21 U.S.C. 856.

- **Count 61: Use of a Communication Facility in Furtherance of Drug Trafficking:**
    - The Government alleges that on July 24, 2022, in the Eastern District of Virginia, Mr. Moore used a communication facility, namely, a telephone, causing, committing, and facilitating the commission of an act constituting a felony, in violation of 21 U.S.C. 843(b).

## 2. The Law Governing the Case

- **Count 2: Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances:**
    - For conspiracy charges under 21 U.S.C. 846 and 18 U.S.C. 1956(h), the Government must prove the existence of an agreement, Mr. Moore's knowledge of the agreement, and Mr. Moore's voluntary participation United States v. Stockton, 349 F.3d 755; United States v. Ojedokun, 517 F. Supp. 3d 444; United States v. Shippy, 471 Fed. Appx. 172; Wright v. United States, 2012 U.S. Dist. LEXIS 50832.
    - To convict, the Government must prove (1) an agreement to distribute or possess with intent to distribute controlled substances, (2) Mr. Moore's

knowledge of the conspiracy, and (3) Mr. Moore's knowing and voluntary participation in the conspiracy United States v. Stockton, 349 F.3d 755; United States v. Williams, 2021 U.S. App. LEXIS 31583

- **Count 3: Conspiracy to Commit Money Laundering:**
  - The Government must prove (1) an agreement to commit money laundering, (2) Mr. Moore's knowledge that the proceeds were derived from unlawful activity, and (3) Mr. Moore's knowing and voluntary participation in the conspiracy United States v. Ojedokun, 517 F. Supp. 3d 444; United States v. Woodley, 2018 U.S. Dist. LEXIS 20484.

- **Counts 58 and 59: Possession with Intent to Distribute Marijuana:**
  - The Government must prove (1) Mr. Moore's possession of marijuana, (2) Mr. Moore's knowledge of the possession, and (3) Mr. Moore's intent to distribute the marijuana. United States v. Williams, 130 F.4th 177; United States v. Richardson, 2013 U.S. Dist. LEXIS 109101; United States v. McCrea, 529 Fed. Appx. 386; United States v. Sutton, 126 F.4th 869; United States v. Cloud, 680 F.3d 396; United States v. Ravenell, 66 F.4th 472.

- **Count 60: Managing a Drug-Involved Premises:**
  - For managing a drug-involved premises under 21 U.S.C. 856, the Government must prove management or control, knowledge, and intent
  - The Government must prove (1) Mr. Moore's management or control of the property, (2) Mr. Moore's knowledge of its use for drug-related activities, and (3) Mr. Moore's intent to make the property available for

such use USCS Const. Art. I, § 8, Cl 3; United States v. Smith, 2024 U.S. App. LEXIS 10061; United States v. Goff, 404 Fed. Appx. 768.

- **Count 61: Use of a Communication Facility in Furtherance of Drug Trafficking:**
    - For use of a communication facility under 21 U.S.C. 843(b), the Government must prove knowing use, intent, and facilitation of a drug offense, United States v. Ath, 951 F.3d 179; United States v. Lee, 1996 U.S. App. LEXIS 16424.
    - The Government must prove (1) Mr. Moore's knowing use of a communication facility, (2) Mr. Moore's intent to facilitate a drug offense, and (3) the connection between the communication and the drug offense United States v. Ath, 951 F.3d 179; United States v. Shippy, 471 Fed. Appx. 172; United States v. Davis, 801 Fed. Appx. 75; United States v. Lee, 1996 U.S. App. LEXIS 16424. United States v. Lewis, 387 F. Supp. 2d 573; United States v. Walton, 2009 U.S. Dist. LEXIS 132609.

## 3. Anticipated Trial Evidence

The Government is expected to present evidence such as:

- Testimony from co-conspirators or witnesses to establish agreements and Mr. Moore's participation in the conspiracies.
- Physical evidence, such as controlled substances, financial records, or communications, to establish possession, intent, and facilitation.
- Surveillance, including Title III wire taps, photographs, in-person and drone videos.

- o  Expert testimony to explain the significance of drug quantities, financial transactions, or communication patterns.

## 4. Anticipated Length of Testimony of Defense Witnesses

Mr. Moore expects that the Government will rely on evidence from Title III wire taps, electronic and in-person surveillance, photographs, and the testimony of cooperating witnesses.

At present, Mr. Moore does not anticipate calling any witnesses but reserves the right to call any of the Government's identified witnesses as potential rebuttal witnesses, for the purpose of impeachment should the need arise.

## 5. Evidentiary Basis for Exhibits and Testimony

The Federal Rules of Evidence govern the admissibility of evidence. Relevant evidence must meet the standards of Rule 401 (relevance) and Rule 403 (not unduly prejudicial). United States v. Benkahla, 2006 U.S. Dist. LEXIS 71458. Hearsay evidence must fall within an exception under Rule 802. Mr. Moore will be prepared to challenge any evidence that fails to meet these standards, including evidence of prior bad acts under *Rule 404(b) 18 USCS § 1957*, United States v. Williams, 130 F.4th 177.

Mr. Moore reserves his right to call the Government's witnesses for impeachment in the event of prior inconsistent statements. It is difficult to state with certainty the anticipated length of his testimony. However, should Mr. Moore call witnesses, he does not anticipate he will need more than 1 day.

## 6. Anticipated Evidentiary or Legal Issues in Dispute

Mr. Moore does not anticipate any specific disputes, but reserves the right to object to evidence which does not meet the standard for admissibility and sufficiency, more specifically:

- **Admissibility of Evidence**: Whether the Government's evidence meets the standards of relevance, reliability, and admissibility under the *Federal Rules of Evidence 18 USCS § 1957,* United States v. Williams, 130 F.4th 177.

- **Sufficiency of the Evidence**: Whether the Government can prove each element of the charges beyond a reasonable doubt, particularly Mr. Moore's knowledge and intent United States v. Stockton, 349 F.3d 755, United States v. Ojedokun, 517 F. Supp. 3d 444.

Mr. Moore reserves the right to present various exhibits and elicit testimony relevant to impeachment, such as prior inconsistent statements. Further, Mr. Moore may present exhibits and testimony to directly attack the Government's theory of the case and burden of proof.

Respectfully submitted this 24th day of June, 2025.

EARVIN JEROME MOORE<br>
    /S/<br>
OF COUNSEL

Brian K. Miller, Esquire
KINSER, LEFTWICH & KAHLE, P.C.
308 Cedar Lakes Drive
Second Floor
Chesapeake, Virginia 23322-0017
Office:  (757) 547-9191
Fax:     (757) 547-9135
VSB #: 31416
brian@klklaw.com
*Counsel for Defendant Earvin Jerome Moore*

## Certificate of Service

I hereby certify that on this 24th day of June 2025 I electronically filed the foregoing trial brief with the Clerk of Court using the CM/ECF system, which will send a notification (NEF) to:

Eric M. Hurt, Esquire
United States Attorney's Office
721 Lake Front Commons
Suite 300
Newport News, VA 23606
(757) 591-4000 (Voice)
eric.hurt@usdoj.gov

                                        /s/
                              Brian K. Miller, Esquire
                              KINSER, LEFTWICH & KAHLE, P.C..
                              308 Cedar Lakes Drive
                              Second Floor
                              Chesapeake, Virginia 23322-0017
                              Office:     (757) 547-9191
                              Fax:       (757) 382-5633
                              VSB #: 31416
                              brian@basnightkinser.com