**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>    **v.**<br><br>**DILQUON BEST**,<br><br>        **Defendant.** | **Case No. 4:23-CR-54-AWA-DEM-05** |

## DEFENDANT DILQUON BEST'S TRIAL BRIEF

The defendant, Dilquon Best ("Best"), by counsel, submits the following trial brief to address: (1) the charges in the indictment; (2) the law governing the case; (3) anticipated trial evidence; (4) the anticipated length of testimony of defense witnesses, (5) the evidentiary basis for exhibits and testimony; and (6) anticipated evidentiary or legal issues in dispute.

### I.    CHARGES AGAINST BEST

The Defendant Best is charged in the Second Superseding Indictment with the following five counts: Engaging in a Continuing Criminal Enterprise in violation of 21 U.S.C. § 848 (Count 1); Conspiracy to Distribute a Controlled Substance in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1) & (b)(1)(A) (Count 2); Conspiracy to Commit Money Laundering in violation of 18 U.S.C. § 1956(h) (Count 3); Possession with Intent to Distribute Marijuana in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(D) (Count 4); and Unlawful Use of a Telephone in Furtherance of a Felony in violation of 21 U.S.C. §843(b) (Count 5).

1

## II.    LAW GOVERNING THE CASE

The essential elements of Count 1 are as follows: (1) the defendant committed a felony violation of 21 U.S.C. Chapter 13; (2) that felony must be a part of a continuing series of violations of 21 U.S.C. Chapter 13; (3) those violations must be undertaken with five or more persons; (4) the defendant must act in a position of management with respect to those five persons; and (5) the defendant must obtain substantial income or resources from the continuing series of violations. *See*, *e.g.*, *United States v. Aiello*, 864 F.2d 257, 263-64 (2d Cir. 1988). A continuing series of violations has been held to require proof of three or more related violations. *United States v. Young*, 745 F.2d 733, 747 (2d Cir. 1984). Unanimity as to each individual violation is necessary. *Richardson v. United States*, 526 U.S. 813, 816 (1999); *United States v. Brown*, 202 F.3d 691, 703, (4th Cir. 2000). Further, it is necessary to prove an agreement between the defendant and each of the five or more other persons identical to the kind of agreement necessary to establish a conspiracy. *Jeffers v. United States*, 432 U.S. 137 (1977). There may also be a "unanimity requirement in respect to" this element as well. *See Richardson v. United States*, 526 U.S. 813, 824 (1999) (assuming without deciding that there is no unanimity requirement in respect to these other provisions).  The jury may conclude that the defendant managed at least five persons when the persons could be "considered either directly subordinate to [defendant] or indirectly subordinate through a [co-defendant]." *United States v. Garcia Abrego*, 141 F.3d 142, 165 (5th Cir. 1998).

The essential elements of Count 2 are as follows: (1) there was an agreement between two or more persons to engage in conduct that violates a federal drug law,

2

(2) the defendant knew of this conspiracy; and (3) the defendant's knowing and voluntary participation in the conspiracy. *United States v. Strickland*, 245 F.3d 368, 384-85 (4th Cir. 2001); *United States v. Burgos*, 94 F.3d 849, 857 (4th Cir. 1996) (en banc).

The essential elements of Count 3 are as follows: (1) an agreement between or more persons to commit one or more of the substantive money laundering offenses proscribed under 18 U.S.C § 1956(a) or § 1957; (2) defendant knew that the money laundering proceeds had been derived from an illegal activity; and (3) the defendant knowingly and voluntarily became part of the conspiracy. *United States v. Ravenell*, 66 F.4th 472, 486 (4th Cir. 2023).

The essential elements of Count 4 are as follows: the defendant (1) possessed a controlled substance; (2) had knowledge of the possession; and (3) intended to distribute the substance. *United States v. Hall*, 551 F.3d 257, 267 n. 10 (4th Cir. 2009) (citing *United States v. Crockett*, 813 F.2d 1310, 1316 (4th Cir. 1987)).

The essential elements of Count 5 are as follows: the defendant (1) knowingly or intentionally, (2) used a communication facility, (3) to facilitate the commission of a drug felony. *United States v. McKenzie*, 396 F. App'x 949, 951 (4th Cir. 2010) (quoting *United States v. Henao-Melo*, 591 F.3d 798, 802 n.5 (5th Cir. 2009)).

### III.    ANTICIPATED TRIAL EVIDENCE

The Government will rely on evidence from Title III wire taps, electronic and in-person surveillance, photographs, and the testimony of cooperating witnesses.

At present, the defense does not anticipate calling any witnesses but reserves the right to call any of the Government's identified witnesses as potential rebuttal

witnesses, for the purpose of impeachment and only should the need arise.  The defendant may call Zuri Reeves as a witness.

### IV.     ANTICIPATED LENGTH OF TESTIMONY OF WITNESSES

Because Mr. Best is reserving his right to call Government witnesses for the purposes of impeachment in the event of prior inconsistent statements, and only as needed, it is difficult to state with certainty the anticipated length of his testimony. Should Mr. Best call witnesses, he does not anticipate he will need more than 8 hours.

### V.     EVIDENTIARY BASIS FOR EXHIBITS AND TESTIMONY

Mr. Best will present various exhibits and elicit testimony relevant for impeachment such as prior inconsistent statements. Further Mr. Best will present exhibits and testimony to directly attack the government's theory of the case and burden of proof.

### VI.     ANTICIPATED EVIDENTIARY OR LEGAL ISSUES IN DISPUTE

Mr. Best is not able to identify any significant potential evidentiary issues other than those raised in his Motion to Suppress/Motion in Limine (Doc. 1316) beyond those that might otherwise arise during the normal course of a trial.

Mr. Best has identified as a potential issue the reason for his incarceration during a significant portion of the alleged conspiracy, from approximately December 6, 2019 to December 9, 2020.  The defense has not discussed the issue with the attorney for the Government, but anticipates that they will be able to come to a resolution similar to that to which the Government agreed with Cortez Bumphus.  Bumphus Tr. Br. At 6 (Doc. 1325).

The defense anticipates requesting an instruction from the Court regarding the incarceration and that the jury cannot infer guilt from the fact that Best was previously incarcerated.

Finally, the defense does anticipate that the parties will disagree about the basic jury instructions for a continuing criminal enterprise. The Government's proposed instructions differ substantially and significantly from the instructions contained in O'MALLEY AND GRENIG and form and/or model jury instructions from other Circuits.

Respectfully submitted,

**DILQUON BEST**

By: _____ **/s/** _____
    Christian L. Connell
    Bar No. 35009
    Attorney for Defendant Dilquon Best
    CHRISTIAN L. CONNELL, P.C.
    555 East Main Street, Suite 1102
    Norfolk, Virginia 23510
    757.533.6500
    757.299.4770 (fax)
    Email: christian.connell@outlook.com

### CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2025, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send an electronic notification (NEF) of such filing to all counsel of record.

By: _____ **/s/** _____
    Christian L. Connell
    Bar No. 35009
    Attorney for Defendant Dilquon Best
    CHRISTIAN L. CONNELL, P.C.
    555 East Main Street, Suite 1102

Norfolk, Virginia 23510
757.533.6500
757.299.4770 (fax)
Email: christian.connell@outlook.com