IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
*NEWPORT NEWS DIVISION*

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | Criminal No. 4:23cr54 |
| ) | |
| CORTEZ DAYSHAWN BUMPHUS, ET. AL. ) | |

**UNITED STATES' RESPONSE IN OPPOSITION
TO MOTION *IN LIMINE* AND MOTION TO SUPPRESS**

The United States by and through counsel, Assistant United States Attorney Eric M. Hurt, files this Response in Opposition to Dilquon Best's ("Best") Motion to Suppress any statements that he made to Zuri Reeves ("Reeves") while they were incarcerated at Western Tidewater Regional Jail ("WTRJ") during Best's trial, which is scheduled to begin on July 8, 2025. For the reasons set forth *infra*, the United States submits that Best's Motion to Suppress should be denied.

**Procedural History**

On September 11, 2023, a Superseding Indictment was unsealed that charged Best with several counts including: Continuing Criminal Enterprise (Count One); Conspiracy to Distribute and Possess with Intent to Distribute Marijuana, Cocaine, Fentanyl, Oxycodone, and Cocaine Base (Count Two); Conspiracy to Launder Money (Count Three); Distribution of Fentanyl, Oxycodone, and Marijuana (Count Four); and Use of a Communication Facility in Furtherance of Drug Trafficking (Count Five). ECF No. 10. On April 18, 2024, a Second Superseding Indictment was unsealed that alleged the same conduct as described above while also charging Best with additional counts of Distribution of Fentanyl and Marijuana (Count Twenty); and Use of a Communication Facility in Furtherance of Drug Trafficking (Count Twenty-One). ECF No. 434.

Reeves, who was also named in both the Superseding and Second Superseding Indictments,

1

was arrested and placed at WTRJ on September 14, 2023. Following his arrest, Reeves agreed to cooperate with the United States and was formally debriefed by law enforcement agents. Best was arrested later and eventually arrived at WTRJ on or about October 18, 2023. For some or all of their shared time at WTRJ, Reeves and Best were placed in the same dorm. No one with the United States (including, but not limited to, the Federal Bureau of Investigation ("FBI"), United States Marshal's Service ("USMS"), or the United States Attorneys' Office) suggested to WTRJ where Reeves or Best should be housed within their facility. Their placement within WTRJ was conducted according to normal jail procedures. WTRJ was not aware of any basis to separate Reeves and Best, and the two ended up in the same housing unit.

In October 2024, in anticipation of the January 2025 trial, the United States requested that Reeves be separated from codefendants to avoid any possible conflicts. Once the USMS received this separation request, Reeves was immediately transferred out of WTRJ to Chesapeake City Jail. It was during the time frame from September 2023 to October 2024 when Reeves and Best were both at WTRJ that Best made incriminating statements to Reeves, and Reeves relayed these incriminating statements to the United States.

The statements described by the defendant as having been made to Reeves pertain to money given by Best to other individuals, presumably so that the United States would not seize the money. The defendant does not describe any additional statements made by Best to Reeves during the 13 months they were together.

Best filed a Motion to Suppress on June 19, 2025. ECF No. 1316. The United States now files its Response in Opposition and requests that the Motion to Suppress be denied.

## Legal Standard

A criminal defendant's Sixth Amendment right to counsel attaches once adversarial judicial criminal proceedings have commenced. *McNeil v. Wisconsin*, 501 U.S. 171, 175 (1991) (citing

*United States v. Gouveia*, 467 U.S. 180, 188 (1984)). The right applies "at all critical stages." *United States v. Williamson*, 706 F.3d 405, 415 (4th Cir. 2013) (citing *Rothgery v. Gillespie Cnty.*, 554 U.S. 191, 212 (2008)). A defendant's Sixth Amendment right to counsel is violated when information is "deliberately elicited from him" by government agents after he has been indicted and when it is done in the absence of his counsel. *Massiah v. United States*, 377 U.S. 201, 204 (1964); *see also United States v. Lentz*, 524 F.3d 501, 520 (4th Cir. 2008) (citing *Massiah*, 377 U.S. 201). "The court must look at all of the circumstances to determine whether the informant's actions are fairly attributable to the government." *Lentz*, 524 F.3d at 520 (citation modified).

### Argument

Best cites no facts in his Motion to Suppress that support a finding that the United States used Reeves to deliberately elicit statements from Best during their shared period of confinement at WTRJ. Best claims that the Reeves "was acting in coordination with the government and had every incentive — and possibly encouragement — to elicit statements from Mr. Best." ECF No. 1316 at 3. Best then concludes, without pointing to any facts, that "the totality of the circumstances establishes that the government 'intentionally created a situation likely to induce' Mr. Best to speak without the protection of counsel." *Id.* While it is true that Reeves was cooperating with the United States, had signed a proffer letter, and had been debriefed by the United States, Reeves' status during this period was very different from that of the informants described in Best's cited case law.[1]

Best points to *United States v. Henry*, where the Supreme Court found that use of the testimony of a paid informant who was intentionally placed in the same cell as that defendant so that he could secure information was a violation of the Sixth Amendment. 447 U.S. 264, 268 (1980). The

---

[1] When the United States was debriefing Reeves, his conversations with agents were recorded. These recordings were provided to all defendants' counsel. At no time in any of the recordings does the United States suggest to Reeves that he should solicit information from Best.

3

Court concluded that the government "intentionally created a situation likely to induce Henry to make incriminating statements without the assistance of counsel." *Id.* at 274. Best does not allege, nor is there evidence to suggest, that Reeves was intentionally placed in the same cell or dorm with Best in order to secure information from him. Reeves and Best were placed in the same dorm through WTRJ's own internal process for determining inmate housing. Additionally, Reeves, unlike the informant in *Henry*, was not a paid informant. No one from the United States asked Reeves to talk to or to approach Best, and anything that he did was without the United States's knowledge or prompting. Thus, despite Best's contention, the facts here are distinguishable from those in *Henry*.

Best also relies on *Kuhlmann v. Wilson*. In *Kuhlmann* the Court found that:

> [A] defendant does not make out a violation of [the right to counsel] simply by showing that an informant, either through prior arrangement or voluntarily, reported his incriminating statements to the police. Rather, the defendant must demonstrate that the police and their informant took some action, beyond merely listening, that was designed deliberately to elicit incriminating remarks.

*Kuhlmann v. Wilson*, 477 U.S. 436, 459 (1986). Best, however, does not allege that Reeves took any action beyond merely listening. *See* ECF No. 1316 at 3-4. While Best argues that "Reeves was not a passive listener," he provides no detail beyond this vague and conclusory statement. *Id.* at 3. He does not say that Reeves was the primary initiator for their conversations, that he asked Best questions about his charged crimes or the case against him, or simply that Reeves took *any* deliberate action to elicit the incriminating remarks. Even if Reeves took deliberate action on his own to elicit statements from Best, there is no evidence that he did so in concert with the United States. Anything that Reeves did was without the United States' knowledge or prompting.

While it is true that Best's Sixth Amendment right to counsel attached by the time of the jailhouse conversations between him and Reeves, his statements were not "deliberately elicited" by Reeves and the United States. Upon examining the totality of the circumstances, Reeves' actions are not attributable to the United States. *See United States v. Lentz*, 524 F.3d 501, 520 (4th Cir. 2008)

(citation modified). Reeves was not a paid informant, his being housed with Best was outside of the United States' control, and Reeves took no deliberate action in coordination with the United States to elicit the incriminating remarks. As such, Best's motion should be denied.

## Conclusion

For the foregoing reasons, Best's Motion to Suppress his statements to Zuri Reeves from introduction at the trial of *United States v. Bumphus, et. al*. on July 8, 2025, should be denied.

Respectfully submitted,

ERIK S. SIEBERT
UNITED STATES ATTORNEY

By: \_\_\_\_\_/s/_____
Eric M. Hurt
Assistant United States Attorney
Virginia State Bar No.35765
Attorney for the United States
Thomas Squires
Third Year Certified Law Student
United States Attorney's Office
City Center One, Suite 200
11815 Fountain Way
Newport News, Virginia 23606
(757) 591-4000 Office
(757) 591-0866 Fax
eric.hurt@usdoj.gov

CERTIFICATE OF SERVICE

I certify that on June 25, 2025, I electronically filed a copy of the foregoing with the clerk of the court using the CM/ECF system, which will send a notification of such filing to all counsel of record. In addition, the United States mailed a copy to:

Kamani Johnson
Western Tidewater Regional Jail
2402 Godwin Blvd,
Suffolk, VA 23434

/s/ _____
Eric M. Hurt
Assistant United States Attorney