In the UNITED STATES District Court
For the Eastern District of Virginia

| | |
|---|---|
| UNITED STATES ) | Case# 4:23cr5432 |
| ) | Reply in support of |
| V. ) | Respondents Motion |
| ) | to Dismiss |
| KAMANI JOHNSON ) | Honorable Judge |
| ) | Arenda L. Wright Allen |

Reply in Support of Respondents Motion to Dismiss

**I. Background**

1. On 6/14/24, Docket Entry 613 AGREED Discovery order as to Kamani Johnson specifically stated.

2. On or about 10/2/24 Roger Whitus withdraws as counsel, Respondent proceeds with self-representation, stand by counsel appointed, U.S. attorney present for hearing.

3. 11/15/24, Stand by counsel emails U.S. Attorneys, that providing discovery material to stand by counsel solely is not sufficient to Fed. Rule. Crim. P. Rule 16 and communicates that Respondent wants prosecution to provide discovery material.

4. 11/19/24. U.S. Attorney responds but neglects to follow up as communicated and neglects to send discovery material.

5. On or about 1/6/25 Respondent writes letter to Court stating complaints about facility conditions for lack of necessary resources to prepare a proper defense. Also on this date Respondent sends notice to U.S. Attorneys about providing discovery material.

1

6. 2/7/25. Hearing for stand by counsel motion to withdraw denied, U.S. attorneys present for hearing and reminded that respondent is still self-represented.
7. On or about 6/2/25 respondent files motion to ~~dismiss~~ ~~for~~ extend pretrial motions, motion to dismiss for failure to provide discovery material and violation of speedy trial rights.
8. 6/17/25 Prosecution orders transportation to court house to provide unconstitutional plea and attempts to discuss partial discovery, without discovery in whole 19 days before trial.
9. 6/17/25. Government submits unsatisfactory response to respondents motion claiming stand by counsel was to take over U.S. attorneys obligation to provide discovery.
10. 6/18/25. Still no discovery material provided.

II. Arguement, Constitutional Grounds for Arguement
1. It is not sufficient to provide discovery ~~material~~, evidence only to stand by counsel in a federal "criminal" case when the defendant is representing hisself "pro se".
2. A "pro se" defendant is entitled to direct access to Discovery materials.
3. A "pro se" defendant has the Constitutional right to conduct their own defense. This includes direct access to all discovery materials necessary to prepare their defense. Denying access undermines this right.
4. The Sixth Amendment guarantees a "Criminal" defendant the right to represent himself see Farretta v. California (1975). A defendant who waives counsel and proceeds "pro se" must be afforded same tools and rights necessary to prepare a defense as would a represented defendant.

2

5. In McKaskle v. Wiggins, 465 U.S. 168 (1984), the Supreme Court held that Standby counsel may not interfere with the pro se defendant's actual control over the case or take over functions of trial preparation. Providing discovery solely to standby counsel undermines this principle and places the defendant at a significant disadvantages in preparing his own defense.

III. Arguement, Disclosure to Stand by Counsel is Not A Substitute for disclosure to the Defendant

1. The government has a continuing duty to disclose discoverable evidence to the defense. See Fed. R. Crim. P. Rule 16; Brady v. Maryland 373 U.S. 83 (1963); Giglio v. United States, 405 U.S. 150 (1972). The due process protections under Brady and Giglio are owed to the accused, not merely to his advisory or stand by counsel.

2. Stand by counsel role is limited.

3. Stand by Counsel Role is advisory and secondary. They do not act as the defendant's lawyer unless the defendant relinquishes self-representation.

4. Courts have repeatedly held that stand by counsel cannot be treated as a substitute for proper disclosure to the defendant.

5. As held in United States v. Morrison, 946 F. 2d 484 (7th Cir. 1991), "[t]he government's obligation to turn over discovery is owed to the defendant, and providing discovery only to stand by counsel is insufficient."

6. Providing discovery only to stand by counsel and not to the "pro se" defendant violates due process under the fifth amendment, because the defendant cannot meaningfully prepare or challenge the prosecutions case without access to the evidence

3

7. McKaiske v. Wiggins, 465 U.S. 168 (1984), reinforces the idea that a defendant's right to self representation must be respected and not undermined by the actions of stand by counsel or the court.

IV. Arguement, Defendant cannot mount a defense without access to the evidence

1. A "pro se" defendant cannot prepare pretrial motions, develop a defense strategy, or conduct cross-examination if he does not have access to the underlying evidence. Preventing a defendant from reviewing the discovery personally renders the right of self-representation hollow and ineffective, violating fifth and sixth Amendments.

V. Relevant Case Law
1. United States v. Morrison, 946 F.2d 484 (7th Cir. 1991): The Court held that a pro se defendant must be given the same discovery rights as any represented defendant.
2. Kyles v. Whitley, 514 U.S. 419 (1995): Reaffirmed and expanded Brady, emphasizing the prosecution's affirmative duty to disclose all favorable evidence in its possession, not just what is helpful to defense.
3. United States v. Agurs, 427 U.S. 97 (1976): Held that even if not requested, if evidence is material (i.e. creates reasonable doubt), the prosecution must discharge its duty under Brady.
4. United States v. Formanczyk, 949 F.2d 526 (1st Cir. 1991): The prosecution has a continuing duty to update disclosures if earlier response becomes stale or incorrect, during trial preparation
5. Giglio v. United States, 405 U.S. 150 (1972): Clarified that deals, immunity or promises must be disclosed

4

regardless of good faith or bad faith.

VI   Conclusion
1. The prosecutions rebuttal is meritless.
2. The U.S. Attorneys arguement cites no case law in support of failure to oblige direct order from the court and necessary constitutional due process requirements resulting in violation of rights.
3. In arguement, the master attorneys for the U.S. uses a flabby assertion that its burden was shifted to stand by counsel which is inconsistent with communicated email between stand by counsel and U.S. attorneys, standing Supreme court decisions, direct order docket entry 613, Fed. R. Crim. P. Rule 16 and Brady, due process under fifth and fourteenth amendments, and in respect to respondent sixth amendment right of self-representation.
4. With only 19 days to trial anything resulting other than dismissal with prejudice would be injurious and further violation of constitutionally protected rights of respondent.
5. From the day Respondent was self represented (10/7/24) to todays date (6/18/25) the prosecution has had fairly sufficient time to fulfill its obligation to the matter and means the way respondent was transported on 6/17/25.
6. Any continuance would be unfair to the respondent, expressed in speedy trial motion, since then speedy trial right has been waived by persons other than the holder of the right.
7. The respondent had no way of obliging to comply with the contemperanous objection rule.
8. The order was made 5/16/25 when respondent was without counsel and initial appearance in present time to object (6/4/24)
9. Even so, Respondent made several objections stating "I do not want any of my constitutional rights traded

5

for any statuatory priveleges or benefits. This expressly reserves every right protected by the constitution and objects to any rights being unknowingly waived pursuant to Fed. R. Crim. P. 51(b) and Fed. R. Crim. P. 52(b).

10. Fed. R. Crim. P. 52(b) The rule provides in full: "A plain error that effects substantial rights may be considered even though it was not brought to courts attention." Pluckett v. United States.

11. On 6/27/24 Respondent wrote the courts reserving and objecting to any rights being waived (Docket entry 638).

12. In a federal case discovery must be provided directly to the pro se defendant. Giving it only to standby counsel is not legally sufficient and grounds for dismissal if the defendant's ability to prepare a defense is seriously impaired. Drastic conduct begots Drastic results.

## VII  Prayer for Relief

- For the foregoing reasons, the court should grant the Respondents motion to Dismiss
- WHEREFORE, Respondent, respectfully, request that this court;

(1) Dismiss the indictment with prejudice
(2) Grant any other relief this court deems just and proper

Please send copies to all parties neccessary in this matter

Respectfully Submitted,
Kamani Stanley Shaqur Johnson I
*(signature)*
2402 Godwin blvd
Suffolk, Virginia WTRJ
in propria persona
6/18/25

6