IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
*Newport News Division*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 4:23CR54 |
| | ) | |
| KAMANI JOHNSON | ) | |

GOVERNMENT'S SUPPLEMENTAL
RESPONSE TO DEFENDANT'S DISCOVERY MOTION

The United States has complied with its discovery obligations at every stage of this matter. As set forth below, all discovery was timely provided, first to defendant's appointed counsel and then to his stand-by counsel. The United States has further responded promptly to every discovery-related request of defendant's counsel. Finally, the United States has not located a single request made by the defendant to the United States requesting discovery be provided directly to him. Indeed, the defendant's motion to dismiss is the first time he has raised this issue—less than a month before trial and nearly four months after the Court clarified stand-by counsel's role in facilitating discovery. His motion should be denied.

**RELEVANT PROCEDURAL HISTORY AND DISCOVERY PRODUCTIONS**

On May 15, 2024, the Court designated the case charged in the Second Superseding Indictment as Complex. ECF No. 542. The defendant appeared before this Court for his initial appearance on June 4, 2024, and was ordered temporarily detained. On June 6, 2024, the defendant appeared for his detention hearing and requested additional time to retain counsel, and his detention hearing was reset for June 14, 2024. ECF No. 587.

The detention hearing was held on June 14, 2024, and the defendant was detained. The defendant requested that he be allowed to represent himself. The Court attempted to make an inquiry of the defendant concerning self-representation, but the defendant refused to answer the Court's questions. This failure resulted in Roger Whitus ("Mr. Whitus") being appointed to represent the defendant. Speedy Trial was waived, without objection from the defendant, due to the complexity of the case. The trial was set for January 14, 2025. ECF No. 612.

**The United States provided discovery to Mr. Whitus on June 7, 2024, and July 17, 2024.**

On October 7, 2024, the defendant was granted the privilege of representing himself. Stand-by counsel, Mr. John Paul Gregorio ("Mr. Gregorio"), was appointed to assist the defendant as necessary. ECF No. 769. Mr. Gregorio confirmed that Mr. Whitus provided him with the discovery. On November 15, 2024, Mr. Gregorio sent an email to Special Assistant United States Attorney Alyson Yates ("SAUSA Yates") stating as follows:

> He has accused me of working for the prosecution; accused me of being negative when I attempt to review the discovery material or discuss facts and evidence in an attempt to educate him on how to defend himself; and has just plain refused to cooperate with me.
>
> **He has requested that all of the discovery material be sent to him at the jail so that he can review it himself. Apparently, he does not trust me.**
>
> **Before I provided [sic] him with any actual documents, I wanted to check and make certain that there was no RDM or PO in place to prohibit such disclosure of discovery material.**
>
> Because I am only his stand by counsel, I am not sure if me providing the discovery material would be sufficient. I would suspect that he will want it directly from your office because of his distrust of me thus far.

Gov't Ex A at 4 (emphasis added). SAUSA Yates believes she told Mr. Gregorio in person that there was no protective order in place preventing him from providing the discovery to the defendant. The absence of a protective order is also reflected on PACER. The United States did not hear anything further from Mr. Gregorio nor did it receive any requests from Mr. Johnson related to this issue. **As such, the United States again provided attorney Gregorio discovery on January 22, 2025.**

On January 27, 2025, Johnson filed a letter motion which expressed dissatisfaction with stand-by counsel. ECF No. 997. Johnson's stand-by counsel filed a motion to withdraw on January 31, 2025. ECF No. 1019.

The Court issued an order on February 25, 2025, informing Johnson and his stand-by counsel of the various responsibilities of stand-by counsel, including "[f]acilitating discovery and necessary communication with the Government in the case of an incarcerated defendant like Mr. Johnson." ECF No. 1041 at 4.

**The United States provided a final round of discovery to Gregorio on May 20, 2025.**

In response to the notification of the availability of the discovery and the summary of it provided by the agent, Gregorio responded "Thanks for the summary. Very helpful. I will pass this along to Mr. Johnson at our next meeting." Gov't Ex. B.

On June 27, 2025, the United States arranged to have the defendant transported to the United States Courthouse in Norfolk, Virginia. The purpose of this was to meet with the defendant in his role as his own attorney. While the United States considered approaching the defendant at Western Tidewater Regional Jail ("WTRJ"), such a move was deemed unwise since other inmates might view Johnson as meeting with the United States as a sign that he was cooperating.

Once at the courthouse, the undersigned and two members of the investigative team met with Johnson in the United States Marshal's lock-up. In this meeting, the undersigned presented Johnson with a written plea offer. The members of the investigative team, using a computer, offered to show Johnson the most significant evidence against him, *i.e.* his social media postings with drugs and guns, pictures of him from Lux Auto and calls intercepted on a T-III.

The meeting at the courthouse was not intended to be a review of discovery. It was intended to impress upon the defendant the weight and nature of the evidence against him. Johnson refused to look at any of the evidence and declined the agents' offer to orally describe the evidence or investigation. The meeting lasted less than 15 minutes.

In response to the Court's order of June 26, 2025, ECF No. 1346, all government files, paper and electronic, related to Johnson were searched. The undersigned did not locate **any** correspondence from the defendant, to include the claimed January 16, 2025, request for discovery.[1] A search of emails from attorney Gregorio shows a total of ten emails. Of those ten, three relate to the substance of the matter before the Court. Gov't Ex. C.

### ARGUMENT

Beginning with defense counsel Mr. Whitus on June 7, 2024, and continuing through stand-by counsel Mr. Gregorio on May 20, 2025, the United States has provided all discovery in this case.

---

[1] The United States' file does contain 25 filings from the defendant beginning on June 24, 2024, all of which were filed before he raised the issue of discovery on June 13, 2025. See ECF Nos. 638, 639, 654, 709, 718, 733, 738, 739, 790, 791, 792, 793, 911, 912, 914, 915, 925, 940, 997, 1032, 1044, 1073, 1087, 1130, and 1254.

The discovery in this case is voluminous and is only available electronically, given the prevalence of recorded call, videos and social media accounts. Even if the United States was inclined to send discovery directly to the defendant, the jail would not allow him to possess multiple hard drives of material, nor would he have the ability to examine it. This view is informed by the undersigned's experience in *United States v. Jamar Green*, 4:20cr1.

In that case, defendant Green was similar to Johnson. Defendant Green represented himself, refused the help of stand-by counsel and would only review discovery on his terms. Chief Judge Davis directed stand-by counsel to work with WTRJ to facilitate Green's review of discovery. This process was difficult because WTRJ does not provide defendants routine computer access. Defendants are also not allowed to have hard drives in their cells.

Chief Judge Davis ordered stand-by counsel to work with WTRJ to overcome these obstacles and provide the defendant with the means to review the discovery. He also instructed stand-by counsel to provide written reports of his progress. In the end, Green did not want to review discovery he wanted to complain that he could not have discovery in the time and place of his choosing. Gov't Exs. D-G.

Similar to Defendant Green, email exchanges with stand-by counsel painted a picture of rebuffed efforts to discuss the discovery with Johnson.

In an email dated December 23, 2024, Gregorio stated that:

> I tried to explain to him how he [sic] continuance would work and the advantage that he would have by getting more time to review and prepare. He responded by stating that the government has not sent him one shred of the discovery material thus far. He is not receive [sic] copies of any emotions [sic] or responses to motions thus far.
>
> Because I am only stand-by council [sic] and not his regular court, appointed counsel, he is reluctant to discuss certain matters with me.

5

> He won't discuss the case, how to defend it, a review of the discovery material, or anything that would appear to be able to help Him With [sic] preparing for a jury trial and federal court.

Gov't Ex. C at 3.

This email is viewed in light of the November 15, 2024, email (Gov't Ex. A at 4), wherein Mr. Gregorio indicated that the defendant requested stand-by counsel to send him the discovery. Mr. Gregorio then stated: "before I provided [sic] him with actual documents . . . ," which the United States understood to mean that Mr. Gregorio was going to send Johnson discovery directly.[2]

Consistent with this understanding, the Court entered an order on February 25, 2025, explicitly stating that one of the roles of stand-by counsel is to "facilitate discovery." ECF No. 1041 at 4. Three months after this order was entered, attorney Gregorio responded to a May 20, 2025, discovery production with the email, "I will pass this along to Mr. Johnson at our next meeting." Gov't Ex. B at 1. This response is also consistent with the prior communications that Mr. Gregorio was at least attempting to provide or discuss discovery with Johnson. Based on Mr. Gregoria's June 27, 2025, Notice, however, he only disclosed a small set of discovery documents to the defendant. ECF No. 1346 ¶ 27 (Mr. Gregorio's Notice of Attempts to Share Discovery).

The United States has provided all discovery in this case for over a year without complaint expressed by either the defendant or counsel. Despite claiming that he has "not receiv[ed] discovery" since the inception of this case, the defendant did not make any mention of such failure in any of the 25 filings he made before June 13, 2025. In addition, he did not even claim that he requested the United States provided him discovery directly until his reply brief. ECF No. 1344.

---

[2] In fact, Mr. Gregorio did eventually send the defendant *some* of the discovery directly. *See* ECF No. 1346 ¶ 27 (Mr. Gregorio's Notice of Attempts to Share Discovery).

6

The United States takes its discovery obligations seriously. As a matter of course, it provides defendants far more discovery than the law requires. This case was no exception. Further, the case agent in this case was made available to all defense counsel. Almost without exception, defense counsel have availed themselves of these meetings. The United States would have conducted a similar meeting with Johnson had he shown any interest in the facts of this case. On June 27, 2025, when the United States on its own initiative attempted to do a "reverse proffer" the defendant was completely dismissive. Likewise, the undersigned offered to answer any question the defendant might have about the United States' case. This too was rejected.

The defendant's stand-by counsel has received all of the discovery in this case. Neither defense counsel's failure to provide discovery to Johnson nor Johnson's refusal to review discovery with his stand-by counsel constitute a failure on the part of the government to comply with its discovery obligations. *See United States v. Warren*, No. 4:24cr72-1, 2025 WL 1384271, at *1 (E.D. Va. May 13, 2025) (holding that the Government satisfied its obligation by providing all discovery to that defendant by way of producing it to standby counsel and that defendant should have met with standby counsel to review the material); *see also United States v. Darwich*, No. 10-20705, 2011 WL 2518914, at *2 (E.D. Mich. June 24, 2011) (finding that where the Government made every effort to provide discovery to defendant and where standby counsel had attempted to provide discovery to defendant, defendant's refusal to participate in the process was obstructionist).

## CONCLUSION

Because the United States has met its statutory and constitutional requirements to provide all relevant discovery to both appointed and stand-by counsel, the defendant's motion to dismiss should be denied.

Respectfully submitted,

ERIK SIEBERT
UNITED STATES ATTORNEY

By: _____/s/_____
Eric M. Hurt
Luke Bresnahan
Assistant United States Attorney
Virginia State Bar No.35765
Attorney for the United States
United States Attorney's Office
City Center One
11815 Fountain Way, Suite 200
Newport News, Virginia 23606
(757) 591-4000 Office
(757) 591-0866 Fax
eric.hurt@usdoj.gov

<u>Certificate of Service</u>

      I certify that on June 27, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to counsel of record. A copy of this pleading was also mailed to:

Inmate Kamani Johnson
2402 Godwin Blvd.
Suffolk, Virginia 23434

                                      By: /s/
                                            Eric M. Hurt
                                            Assistant United States Attorney
                                            Virginia State Bar No.35765
                                            Attorney for the United States
                                            United States Attorney's Office
                                            City Center One
                                            11815 Fountain Way, Suite 200
                                            Newport News, Virginia 23606
                                            (757) 591-4000 Office
                                            (757) 591-0866 Fax
                                            eric.hurt@usdoj.gov