IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
*Newport News Division*

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                        )   CRIMINAL NO. 4:23CR54<br>)<br>CORTEZ DAYSHAWN BUMPHUS, et al.,   )<br>)<br>Defendants.                      ) | |

## UNITED STATES' RESPONSE TO COURT'S ORDER ON SEVERANCE

COMES NOW the United States by and through undersigned counsel and opposes the severance of defendants Anthony Britt and Guang Yang from the trial currently set for July 8, 2025, in response to the Court's June 25, 2025, Order. ECF No. 1340.

## PROCEDURAL HISTORY

On April 18, 2024, defendants Anthony Britt ("Britt") and Guang Yang ("Yang") were indicted along with 35 others in a multi-count drug and firearm-based indictment. ECF 434. Yang remains a fugitive with little prospect of his apprehension. Britt was arrested and then released on terms and conditions with a current trial date of July 8, 2025. ECF 498. On January 9, 2025, Britt filed a motion to determine his competency to stand trial. ECF 949. On January 24, 2025, the United States responded that it did not object to the hearing and did not oppose a finding that the defendant was incompetent to stand trial. ECF 996.

A hearing was held on February 13, 2025, and the Court determined Britt was not competent to stand trial and committed him to the custody of the Attorney General for restoration. ECF 1030. The Court also allowed the defendant to self-report to the facility designated by the Bureau of Prisons for his restoration. On June 3, 2025, Britt reported to FMC Butner for his restoration.

1

## TIMELINE FOR DEFENDANT BRITT'S RESTORATION

In determining the length of the restoration process for Mr. Britt, 18 U.S.C. § 4241 provides as follows:

> (d) Determination and Disposition.—If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment in a suitable facility—
>
> (1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and
>
> (2) for an additional reasonable period of time until—
>
> (A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward . . . .

By statute, the Court will know by October 3, 2025, whether Mr. Britt can be tried with his co-defendants or there a reasonable amount of additional time that is needed to bring him to trial.

Under the Speedy Trial Act this restorative period is excluded as "delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant." 18 U.S.C. § 3161(h)(1)(A). Thus, the Speedy Trial clock is tolled until October 3, 2025.

## POSITION REGARDING SEVERANCE

At present, defendants' Yang and Britt are properly joined in this indictment with the four individuals set for trial on July 8, 2025. Fed. R. Crim. P. 8(a) and (b). This joinder is proper for both the charges and the defendants in that Yang and Britt were part of a larger conspiracy. *See,*

2

*e.g.*, *United States v. Montgomery*, 262 F.3d 233, 244 n.1 (4th Cir. 2001) ("Joinder is particularly favored in conspiracy cases."); *see also United States v. Baltas*, 236 F.3d 27, 33 (1st Cir. 2001).

No order of severance has been entered and no motion to sever is presently before the Court. The United States opposes severance on the ground that this conspiracy will require a significant number of witnesses and evidence. Severing Britt and Yang will potentially result in two long and expensive trials. In addition, a joint trial may enable a jury "to arrive more reliably at its conclusions regarding the guilt or innocence of a particular defendant and to assign fairly the respective responsibilities of each defendant in the sentencing." *Buchanan v. Kentucky*, 483 U.S. 402, 418 (1987).

## CONCLUSION

Accordingly, the United States opposes the severance of defendants Yang and Britt from the trial on July 8, 2025, even if this necessitates a continuance of the current trial date.

Respectfully submitted,

Erik K. Siebert
United States Attorney

By: _____/s/_____
Eric M. Hurt
Assistant United States Attorney
Virginia State Bar No.35765
Attorney for the United States
United States Attorney's Office
City Center One, Suite 200
11815 Fountain Way
Newport News, Virginia 23606
(757) 591-4000 Office
(757) 591-0866 Fax
eric.hurt@usdoj.gov

Certificate of Service

      I certify that on June 27, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to counsel of record. A copy of this pleading was also mailed to:

Inmate Kamani Johnson
2402 Godwin Blvd.
Suffolk, Virginia 23434

      By:    /s/
      Eric M. Hurt
      Assistant United States Attorney
      Virginia State Bar No.35765
      Attorney for the United States
      United States Attorney's Office
      City Center One, Suite 200
      11815 Fountain Way
      Newport News, Virginia 23606
      (757) 591-4000 Office
      (757) 591-0866 Fax
      eric.hurt@usdoj.gov