UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

UNITED STATES OF AMERICA

v.

BUMPHUS et al.,

Defendants.

Criminal No. 4:23cr54

## ORDER

Pending before the Court is a Motion in Limine to Prevent Arguments Related to Jury Nullification (the "Motion in Limine") filed by the United States of America ("the Government"). Mot., ECF No. 1320. Therein, the Government seeks to preclude Defendants from presenting arguments, evidence, or testimony related to Virginia laws regarding marijuana, Defendants' beliefs about such laws, the possible legalization of marijuana, or any other attempt at jury nullification during the trial which begins on July 8, 2025. *Id.* For the following reasons, the Government's Motion in Limine (ECF No. 1320) is **GRANTED**.

## I.   BACKGROUND

### A.   Factual Background

From roughly 2017 to 2024, thirty-seven (37) co-defendants allegedly engaged in an interstate conspiracy, transporting large quantities of marijuana from the West Coast to be resold in the Eastern District of Virginia. Superseding Indictment, ECF No. 10; Second Superseding Indictment, ECF No. 434.

1

On July 10, 2023, an Indictment was filed as to Cortez Dayshawn Bumphus. Indictment, ECF No 1. On September 11, 2023, a Superseding Indictment was filed, charging an additional twenty-five (25) defendants. ECF No. 10. On April 18, 2024, a Second Superseding Indictment was filed, which charged twenty-six (26) Defendants, including an additional eleven (11) new defendants.[1] Second Superseding Indictment, ECF No. 434. In total across the three indictments, thirty-seven defendants were charged. Thirty-one defendants have pled guilty, and four defendants intend to go to trial on July 8, 2025: Mr. Cortez Dayshawn Bumphus ("Mr. Bumphus"), Mr. Dilquon Best ("Mr. Best"), Mr. Earvin Jerome Moore ("Mr. Moore"), and Mr. Kamani Johnson ("Mr. Johnson" together with Mr. Bumphus, Mr. Best, and Mr. Moore, the "Defendants").[2]

Mr. Bumphus has been charged with Continuing Criminal Enterprise, in violation of 21 U.S.C. § 848 (Count One), Conspiracy to Possess with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 846 and 841 (Count Two), Conspiracy to Launder Money, in violation of 18 U.S.C. § 1956(h) (Count Three), Possession with Intent to Distribute Fentanyl, Oxycodone, and Marijuana, in violation of 21

---

[1] The Second Superseding Indictment charges twenty-six (26) defendants in total. This includes 15 defendants who were previously charged in the Superseding Indictment, and 11 new defendants who were charged for the first time in the Second Superseding Indictment. Additionally, eleven (11) defendants who were charged in the Superseding Indictment were not charged in the Second Superseding Indictment, and they have all pled guilty.

[2] Defendants Anthony Britt (4:23cr54-28) and Guang Yang (4:23cr54-25) have also not pled guilty but will not be present for the July 8, 2025 trial. Mr. Britt is undergoing attempted competency restoration at FMC Butner (Order, ECF No. 1148), and Mr. Yang is a fugitive and has not been apprehended.

U.S.C. § 841(a)(1) (Counts 12, 13, 14, 15), Felon in Possession of Firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 16), Possession of Firearm During Drug Trafficking, in violation of 18 U.S.C. § 924(c) (Counts 17, 18, 19), Maintaining a Drug Involved Premises, in violation of 21 U.S.C. § 856(a)(2) (Count 20), and Use of a Communication Facility in Furtherance of Drug Trafficking, in violation of 21 U.S.C. § 843(b) (Count 21).

Mr. Best has been charged with Continuing Criminal Enterprise, in violation of 21 U.S.C. § 848 (Count One), Conspiracy to Possess with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 846 and 841 (Count Two), Conspiracy to Launder Money, in violation of 18 U.S.C. § 1956(h) (Count Three), Possession with Intent to Distribute Fentanyl, Oxycodone, and Marijuana, in violation of 21 U.S.C. § 841(a)(1) (Count Four), and Use of a Communication Facility in Furtherance of Drug Trafficking, in violation of 21 U.S.C. § 843(b) (Count Five).

Mr. Moore has been charged with Conspiracy to Possess with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 846 and 841 (Count Two), Conspiracy to Launder Money, in violation of 18 U.S.C. § 1956(h) (Count Three), Possession with Intent to Distribute Fentanyl, Oxycodone, and Marijuana, in violation of 21 U.S.C. § 841(a)(1) (Counts 58 and 59), Maintaining a Drug Involved Premises, in violation of 21 U.S.C. § 856(a)(2) (Count 60), and Use of a Communication Facility in Furtherance of Drug Trafficking, in violation of 21 U.S.C. § 843(b) (Count 61).

Mr. Johnson has been charged with Conspiracy to Possess with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 846 and 841 (Count Two),

3

Conspiracy to Launder Money, in violation of 18 U.S.C. § 1956(h) (Count Three), Possession with Intent to Distribute Fentanyl, Oxycodone, and Marijuana, in violation of 21 U.S.C. § 841 (Counts 47 and 48), Interstate Travel in Aid of Racketeering, in violation of 18 U.S.C. § 1952 (Count 49), Use of a Communication Facility in Furtherance of Drug Trafficking, in violation of 21 U.S.C. § 843(b) (Count 50), Felon in Possession of Firearm, in violation of 18 U.S.C. 922 § (g)(1) (Counts 51 and 53), and Possession of Firearm During Drug Trafficking, in violation of 18 U.S.C. § 924(c) (Count 52).

### B.    Procedural Background

Trial for this matter is now scheduled to begin on July 8, 2025. On June 22, 2025, the Government filed the instant Motion in Limine to prevent arguments at trial related to Virginia laws regarding marijuana, Defendants' beliefs about such laws, the possible legalization of marijuana, or any other attempt at jury nullification, pursuant to Federal Rules of Evidence 401, 402, and 403. Mot., ECF No. 1320. Therein, the Government argues that such arguments are irrelevant to the facts at issue in the instant case and should therefore be excluded pursuant to Federal Rules of Evidence 401 and 402. In the alternative, the Government moved to exclude the evidence pursuant to Federal Rule of Evidence 403. The Defendants did not file any responses within the seven (7) day deadline. The Motion in Limine is ripe for adjudication. The Court has determined that a hearing on the Motion is unnecessary, as the issues for decision are adequately presented in the briefs. *See* E.D. Va. Local Civ. R. 7(J).

## II.    LEGAL STANDARD

Federal Rule of Evidence 401 provides that, "Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Federal Rule of Evidence 402 provides in pertinent part that "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402. "A motion in limine is a request for guidance by the court regarding an evidentiary question." *Hunt Valley Baptist Church, Inc. v. Baltimore Cnty. Md.*, No. 17cv804, 2018 WL 2717834, at *7 (D. Md. June 6, 2018) (unpublished) (quoting *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983)). It allows the trial court "to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *Wechsler v. Hunt Health Sys., Ltd.*, 381 F. Supp. 2d 135, 140 (S.D.N.Y. 2003). "A motion in limine to exclude evidence . . . should be granted only when the evidence is clearly inadmissible on all potential grounds." *United States v. Verges*, No. 1:13cr222, 2014 WL 559573, at *3 (E.D. Va. Feb. 12, 2014).

## III.    ANALYSIS

The Court agrees with the Government's position and will grant the Motion. "The fact that a state decriminalized possession of marijuana does not provide a defense to a charged violation of federal drug laws." *United States v. Haymon*, No. 20-4438, 2021 WL 4495813, at *1 (4th Cir. Oct. 1, 2021) (citing *United States v. Henry*, 673 F.3d 285, 291–92 (4th Cir. 2012)) (affirming the exclusion of evidence concerning California law on medical marijuana and rejecting argument that California law provides a defense to a charged violation of federal drug laws where defendant was

charged with Conspiracy to Distribute and Possess with Intent to Distribute 1,000 Kilograms or More of Marijuana in violation of 21 U.S.C. §§ 846, 841(a)); *see also United States v. Wall*, No. 19cr0500, 2022 WL 1268061, at *2 (D. Md. Apr. 28, 2022) (granting the Government's motion in limine to preclude evidence and argument concerning the way other jurisdictions regulate marijuana where defendant was charged with Conspiracy to Possess with Intent to Distribute Marijuana, in violation of 21 U.S.C. §§ 846, 841(a)). The Court finds that non-federal jurisdictions' laws on marijuana possession are not relevant to the alleged violations of federal drug law in this case and should thus be excluded under Federal Rule of Evidence 402.

Furthermore, any arguments related to pending federal marijuana legislation and other policy considerations are also irrelevant. "[A] federal criminal trial is not an appropriate forum for a policy debate about federal criminal drug laws[.]" *United States v. Jenkins*, 1:14cr72, 2014 WL 12676280 at *6 (W.D. Mich. Aug. 20, 2014). In *United States v. Walsh*, the District Court similarly granted the Government's Motion in Limine which argued the Court should prevent such arguments, specifically:

> (1) the debate about legalization of marijuana, (2) the medical benefits of marijuana use, (3) whether marijuana should be classified as a Schedule I substance, or (4) whether the federal government should be prosecuting crimes when citizens voted to allow marijuana use.

654 F. App'x 689, 696–97 (6th Cir. 2016). The Court readily agrees with the Government that the aforementioned arguments are irrelevant to the instant action, notes

that the Defendants did not file any responses in opposition, and therefore this Court

precludes any such references at trial. [3]

## IV.    CONCLUSION

For the foregoing reasons, the Government's Motion in Limine (ECF No. 1320)

is **GRANTED**. The Clerk is **REQUESTED** to forward a copy of this Order to defense

counsel and the Assistant United States Attorney.

**IT IS SO ORDERED.**

_____/s/_____
Arenda L. Wright Allen
United States District Judge

July 1, 2025
Norfolk, Virginia

---

[3] The Court notes that the Government also moved, in the alternative, to exclude evidence pursuant to Rule 403. Rule 403 provides that, "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. As the Court finds that arguments related to marijuana laws at the state level, pending federal marijuana legislation, and other policy considerations are irrelevant, it need not reach the question whether the evidence is excludable under the Rule 403 balancing test.