UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

UNITED STATES OF AMERICA

v.

DILQUON BEST,

Defendant.

Criminal No. 4:23cr54-5

## ORDER

Pending before the Court is a Proposed Jury Instruction (the "Proposed Instruction") filed by Defendant Dilquon Best ("Defendant" or "Mr. Best"). Proposed Instruction, ECF No. 1429. Therein, Mr. Best requests that the Court instruct the jury to select a range of marijuana attributable to Mr. Best if he is found guilty of Count Two of the Second Superseding Indictment, which charges him with Conspiracy to Possess with Intent to Distribute and Distribute Marijuana, in violation of 21 U.S.C. §§ 846 and 841 ("Count Two") (Amended Second Superseding Indictment, ECF No. 1383). Proposed Instruction, ECF No. 1429.

Mr. Best acknowledges that such an instruction is not supported by Supreme Court precedent or by the Fourth Circuit Court of Appeals (the "Fourth Circuit"). *Id.* Mr. Best also cites a case where the Fourth Circuit explicitly held that this circuit does not require a jury to determine the drug weights used in sentencing. *See United States v. Flores*, 565 F. App'x 204, 206 n.2 (4th Cir. 2014) ("Flores also appeals his sentence, claiming that he has a constitutional right for a jury to determine drug weights used in sentencing. Flores acknowledges that his position is not the law in

1

this circuit. We recognize that he seeks to preserve this issue for a possible future challenge.")

As Mr. Best has not provided any legal authority upon which this Court can base a decision to incorporate drug weight ranges into its jury instructions or verdict forms, the Proposed Instruction (ECF No. 1429) is **DENIED**.[1] The Court takes note of Mr. Best's Proposed Instruction for the record. The Clerk is **REQUESTED** to forward a copy of this Order to defense counsel and the Assistant United States Attorney.

**IT IS SO ORDERED.**

/s/
_____
Arenda L. Wright Allen
United States District Judge

July 25, 2025
Norfolk, Virginia

---

[1] While the verdict forms will not include specific ranges as suggested in Mr. Best's Proposed Instruction (*e.g.*, "At least 700 KG but less than 1,000 KG of Marihuana"), the Court notes that the verdict forms *will* require the jurors to choose threshold amounts for Count Two, attributing each defendant with 1000 kilograms or more of marijuana, less than 1000 kilograms but at least 100 kilograms of marijuana, or less than 100 kilograms of marijuana.