IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

NEWPORT NEWS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | Criminal No. 4:23cr54 |
| | ) | |
| ZURI ANTHONY DRE'-OLIVER REEVES | ) | |

SENTENCING POSITION OF THE UNITED STATES

The United States by and through counsel, Assistant United States Attorney Eric M. Hurt, files this Position on Sentencing. For the reasons set forth *infra*, the United States requests a total sentence of 300 months imprisonment.

**Statutory Considerations**

The defendant pleaded guilty on June 12, 2025, to Count One of the Superseding Indictment, continuing Criminal Enterprise, which carries a maximum penalty of life imprisonment and a mandatory minimum of twenty years imprisonment, and Count 84, Possession of a Firearm in Furtherance of Drug Trafficking, which cares a maximum penalty of life imprisonment and a mandatory minimum of five years imprisonment that must be served consecutive to any other sentence. The court may sentence the defendant to any term of imprisonment up to life but must sentence the defendant to at least 300 months.

**Impact of the Plea Agreement**

The defendant entered his plea of guilty to Counts One and 84 of the Indictment pursuant to a plea agreement. The United States agreed to recommend a sentence of 300 months. There are no provisions of the plea agreement that impact the sentences available to the Court.

1

**Sentencing Guidelines Calculation**

The United States Probation Department prepared a Presentence Report (PSR) which detailed the offense of conviction and the characteristics of the defendant. In calculating the offense level for the defendant, the probation office assigned a base offense level of 38 under U.S.S.G. § 2D1.5(a)(2) based upon a continuing criminal enterprise. Three points were subtracted due to the defendant's acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a).   Thus, the defendant's total offense level is 35.

The probation officer also calculated a criminal history level for the defendant. The defendant has prior convictions for: assault and battery (0), concealment of merchandise (0), concealed weapon (0), reckless driving (0), drive without a license, reckless driving, and failure to stop (0), grand larceny and statutory burglary (1), breaking and entering and grand larceny (1), driving while suspended (0), contempt of court (0), reckless driving (0),  and obstruction (1).  He therefore has three criminal history points and a criminal history category of II.

As a criminal history category II defendant, with an adjusted offense level of 35, the defendant's sentencing guidelines range is restricted to 240 months on Count One. However, there is a consecutive mandatory minimum of 60 months on Count 84.

**Statutory Sentencing Factors under 18 U.S.C. § 3553(a)**

As outlined *supra*, the sentencing range under the guidelines is 240 months restricted. The United States will now address the statutory factors that support its request for a sentence of 240 months on Count One and a consecutive 60 months on Count 84.

2

**Standards Governing Sentencing**

In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court made clear that sentencing courts should consult [the Sentencing] Guidelines and take them into account when sentencing." 543 U.S. at 264. The Supreme Court provided this direction to promote the sentencing goals of Congress, namely to "provide certainty and fairness in meeting the purposes of sentencing, [while] avoiding unwarranted sentencing disparities." *Booker*, 543 U.S. at 264 (quoting 28 U.S.C. § 991(b) (1) (B)). In its decision in *Molina-Martinez v. United States*, the Court emphasized the role the Guidelines play in achieving "[u]niformity and proportionality in sentencing," and noted that "the Guidelines are not only the starting point for most federal sentencing proceedings but also the lodestar." 136 S. Ct. 1338, 1346 (2016). The Fourth Circuit has provided the following guidance in the wake of *Booker*:

> A district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines. Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence.

*United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005). Thus, sentencing courts must consider the factors outlined in 18 U.S.C. § 3553(a), including the need for the sentence "to reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense; [and] to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A) and (B).

"[I]n imposing a sentence after *Booker*, the district court must engage in a multi-step process. First, the court must correctly determine, after making appropriate findings of fact, the applicable guideline range." *United States v. Moreland*, 437 F.3d 424, 432 (4th Cir. 2006). "Next, the court must 'determine whether a sentence within that range serves the factors set forth in § 3553(a) and, if not, select a sentence [within statutory limits] that does serve those factors.'" *Id.*

(quoting *United States v. Green*, 436 F.3d 449, 455 (4th Cir. 2006)). In making this determination,

> a sentencing court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant" and the need "to reflect the seriousness of the offense," provide "just punishment," "afford adequate deterrence," "protect the public," and "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

*United States v. Hampton*, 441 F.3d 284, 287 (4th Cir. 2006) (quoting 18 U.S.C. § 3553(a)).

### A. Nature of the Offense

The defendant was the leader of an organization engaged in the distribution of significant quantities of marijuana while armed.  This conduct is set out in greater detail beginning at PSR ¶¶ 40-44.

### B. History and Characteristics of the Defendant

The defendant is a 28-year-old male native of New Jersey who was raised by his parents in Hampton, Virginia until his father died in 2011. He has two siblings, is married, and has three children. The defendant's current medical condition is marked by asthma but otherwise he is in good health.  He reports having anxiety but no psychological or psychiatric treatment. The defendant began using marijuana at the age of 16 and continued until his arrest.  He did not graduate from high school, nor did he obtain his GED. The defendant worked in a variety of trades positions earning an hourly wage and eventually started his own businesses.. At this point the defendant has no assets or liabilities.

### C. Need for Just Punishment

The defendant managed the armed distribution of vast quantities of marijuana. In addition, he had significant supervisory responsibilities over a large number of people.  A sentence of 240 months on Count One and a consecutive 60 months on Count 84 will achieve the goal of punishment for this offense.

D.  Deterrence

The two types of deterrence at issue are general and specific.   On the issue of general deterrence, the public must have confidence that the activities of the defendant and those who stood to gain from his actions are deterred from future crimes. The public should look at the actions of the defendant; an armed drug dealer who ran a significant organization and know that such crimes are treated seriously.

As for specific deterrence, this defendant pleaded guilty. This is a positive first step towards individual deterrence.  His prior contacts with law enforcement did not serve to deter his criminal conduct.  In fact, despite being under a criminal justice sentence during his involvement in the current conspiracy, his criminal actions became increasingly serious.

E.  Need to Protect Society

The defendant poses a risk to society. Armed marijuana trafficking on the scale undertaken by the defendant, is dangerous, and impacts communities. This impact is driven by the fact that marijuana distribution generates illegal money. This money can be a catalyst for robberies involving dueling firearms. In addition, the defendant was using significant amounts of marijuana which certainly impaired his decision making. Society needs protection from individuals who traffic drugs while armed and under the influence.

F.  Avoiding Sentencing Disparities

The United States does not believe disparity is implicated if the court follows the United States sentencing recommendation.

5

## Conclusion

The defendant was engaged in significant marijuana trafficking while armed.   The argument that "it was just marijuana" is belied by the need of the defendant to arm himself during the actions of the conspiracy. Accordingly, the United States recommends a sentence of 240 months on Count One- and 60-months consecutive on Count 84.

Respectfully submitted,

LINDSEY HALLIGAN
UNITED STATES ATTORNEY

By:      /s/
Eric M. Hurt
Assistant United States Attorney
Virginia State Bar No.35765
Attorney for the United States
United States Attorney's Office
City Center One, Suite 200
11815 Fountain Way
Newport News, Virginia 23606
(757) 591-4000 Office
(757) 591-0866 Fax
eric.hurt@usdoj.gov

## Certificate of Service

I certify that on November 12, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification to all counsel of record.

By:  /s/
    Eric M. Hurt
    Assistant United States Attorney
    Virginia State Bar No.35765
    Attorney for the United States
    United States Attorney's Office
    City Center One, Suite 200
    11815 Fountain Way
    Newport News, Virginia 23606
    (757) 591-4000 Office
    (757) 591-0866 Fax
    eric.hurt@usdoj.gov