IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

UNITED STATES OF AMERICA, :
:
v. : Case No.: 0422 4:23CR00054-027 :
ROBERT MOSES Jr., :

## DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

Pursuant to Section 6A1.2 of the *Federal Sentencing Guidelines* the defendant,

Robert  Moses Jr., comes now and submits the following:

### I. Objections to Presentence Report

The defendant does not object to any of the matters contained in the pre-

sentence investigative report.

### II. Sentencing Factors

A sentencing court is required to consider the guidelines ranges, but is permitted to

tailor  the sentence in light of other statutory concerns as well. S*ee* 18 U.S.C.A 3553(a)(4) (Supp.

2004).  Specifically, 18 USC 3553(a) provides:

The court shall impose a sentence **sufficient, but not greater than necessary,**
to comply with the purposes set forth in paragraph (2) of this subsection. The
court, in determining the particular sentence to be imposed, shall consider—
   (1) the nature and circumstances of the offense and the history and
      characteristics of the defendant;
  (2) the need for the sentence imposed—
    (A) to reflect the seriousness of the offense, to promote respect
     for the law, and to provide just punishment for the offense;
   (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant;
      and
     (D) to provide the defendant with needed educational or
      vocational training, medical care, or other correctional
    treatment in the most effective manner;
  (3) the kinds of sentences available;
  (4) the kinds of sentence and the sentencing range established for—

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, and that are in effect on the date the defendant is sentenced; or

(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code;

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2) that is in effect on the date the defendant is sentenced;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

The Supreme Court has described the process for imposing a sentence under the advisory sentencing guidelines as follows:

[A] district court should begin all sentencing proceedings by correctly calculating the applicable [United States Sentencing] Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark. The Guidelines are not the only consideration, however. Accordingly, after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the [18 U.S.C.] §3553(a) factors to determine whether they support the sentence requested by a party. In so doing, he may not presume that the Guidelines range is reasonable. He must make an individualized assessment based on the facts presented. If he decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance…[A] major departure should be supported by a more significant justification than a minor one. After settling on the appropriate sentence, he must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing.

*Gall v. United States,* 128 S.Ct. 586, 596-97 (2007)(citations and footnote omitted; *see also Kimbrough v. United States*, 128 S.Ct. 558, 569-70 (2007).

**A. Advisory Sentencing Guidelines**

This Honorable Court must consider the advisory sentencing guidelines. Further, the district court must provide some individualized assessment "justifying the sentence imposed and rejection of arguments for a higher or lower sentence based on § 3553." *United States v. Lynn*, 592 F.3d 572, 584 (4th Cir. 2010). Under the law of this circuit, a district court must address or consider all non-frivolous reasons presented for imposing a different sentence and explain why he has rejected those arguments. *United States v. Blue*, 877 F.3d 513, 518 (4th Cir. 2017); *Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal citation and quotation marks omitted).

An individualized assessment requires "that district courts consider the defendant's non-frivolous arguments for a downward departure, impose an individualized sentence based on the characteristics of the defendant and the facts of the case, and explain the sentence chosen." *Id.* A "'sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision-making authority'" by articulating how the sentencing factors apply to the case before it. *United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009) (quoting *Rita*, 551 U.S. at 356).

The defendant's advisory guideline range for Count 1 is 240 to 262 months which carries a mandatory minimum sentence of twenty (20) years and Count 73 carries a mandatory minimum sentence of five (5) years which must be served consecutive to any other sentence. For the reasons detailed below, the defendant submits a sentence of no more than the mandatory minimums are sufficient to satisfy the legitimate sentencing goals of § 3553(a).

3

**B. § 3553(a) Sentencing Factors**

In addition to considering the advisory sentencing range recommended under the federal sentencing guidelines and the statutory restrictions, this Honorable Court must also consider the sentencing factors set forth in § 3553(a). The defendant submits that an application of these factors in the case at bar leads to the conclusion that a sentence of the mandatory minimums would be sufficient. Further in light of the history and characteristics of the defendant, the nature of the offense, the need to avoid unwarranted disparities, and the need to deter defendants, a sentence of no more than 300 months would be appropriate.

**1. History and Characteristics of the Defendant**

The defendant is twenty-seven (27) years old. He was born and raised in Hampton Roads.  Defendant was born to the marital union of his mother, Dawn Moses, and his father, Robert Moses Sr.

Defendant and his half siblings were primarily raised by his mother, whilst Robert Moses  Sr. was incarcerated a vast majority of Defendant's childhood, specifically, until he reached the  age of twelve (12).

Defendant described his childhood as "lower middle class" adding at times, his family  struggled financially as a result of his father being incarcerated for Federal drug charges. After the release of his father, Moses Sr., began selling cars and eventually started his own car dealership. As a result, their financial situation began to improve, however, there were intermittent financial

struggles. On the other hand, Ms. Dawn Moses, is employed by Virginia Department of Social  Services and owns and operated a pool hall.

4

### 2. Nature of the Offense

The factssupporting the defendant's guilty pleas are well known to the court and are detailed further in the pre-sentence investigative report. As a consequence, counsel will not recite what is already known and available in the record.

Mr. Moses accepted responsibility for his actions related to this offense and pled guilty. **3.**

### Need to Deter

A sentence of no more than 300 months would serve as a significant deterrent to both the defendant and o t h e r s that would commit similar offenses. It would represent a significant period of incarceration. It would also serve as an example to others that such conduct will not be tolerated.

Prior to the instant offense, Defendant has never had a period of incarceration, with the  caveat of 6 months jail, 6 months suspended. The mandatory minimum sentence of one three  (300) months in the instant case is a significant period of incarceration and, by far, exceeds any  prior incarcerations of this Defendant.

There is no empirical evidence, that counsel is aware of, that provides that a significant period of additional incarceration will achieve specific or general deterrence. Additional time in prison does not

equate to additional deterrence.

Research indicates that increases in the *severity* of punishment are far less important to producing deterrent effects than the *certainty* of punishment (if severity is relevant at all). *See* Wright, *Deterrence in Criminal Justice: Evaluating Certainty vs. Severity of Punishment*, 1. In May of 2016, even the Department of Justice conceded in its publication on deterrence that, "[i]ncreasing the severity of punishment does little to deter crime," acknowledging that "[l]aws and policies designed to deter crime by focusing mainly on increasing the severity of punishment are ineffective." U.S. Dept. of Justice, *National Institute of Justice Five Things About Deterrence* (May 2016), *available at* https://www.ncjrs.gov/pdffiles1/nij/247350.pdf (last accessed July 24, 2017).

Virtually no empirical data suggests that lengthy sentences achieve better general deterrence than moderate ones. Additionally, Mrs. Dawn Moses and Mr. Robert Moses Sr. may testify to provide additional character evidence.

## Conclusion

Wherefore the defendant, Robert Moses, Jr., respectfully requests that this Honorable Court sentence him to a period of no more than 300 months of incarceration. Mr. Moses, Jr. is twenty-seven (27) years old, and with family, residing in Hampton Roads, respectfully requests the Court recommend that BOP place and house Mr. Moses, Jr. as close to Hampton Roads as possible.

I ASK FOR THIS:

/s/
Steven L Washington, Esq.
Virginia State Bar No.: 89819
999 Waterside Drive Suite 2525
Norfolk, Virginia 23501
(757) 582.0659 Telephone
(757) 852 0494 Fax
Steven@SLWashingtonLawfirm.com Counsel

for Defendant Robert Moses, Jr.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused a true and accurate copy of the foregoing to be served upon all counsel of record via ECF on September 16, 2025

Eric M. Hurt, Esquire

United States Attorney Office

City Center One, Suite 200

11815 Fountain Way

Newport News, VA 23606

757-591-4000 Office

<u>/s/</u>

Steven L Washington, Esq.
Virginia State Bar No.:89819
999 Waterside Dr Suite 2525
Norfolk, Virginia 23501
(757) 582 0659 Telephone
(757) 852 0494 Fax
Steven@Slwashingtonlawfirm.com
Counsel for Defendant Robert Moses, Jr.